Ray MARSHALL, Secretary of Labor, U. S. Department of Labor, Plaintiff–Appellant,

v.

HOPE GARCIA LANCARTE, Defendant–Appellee.

No. 80–1204
Summary Calendar.

United States Court of Appeals, Fifth Circuit.
Unit A

Dec. 15, 1980.

.

Donald S. Shire, Deputy Associate Sol., U. S. Dept. of Labor, Washington, D. C., for plaintiff–appellant.

Cantey, Hanger, Gooch, Munn & Collins, Edward L. Kemble, Donald K. Buckman, Fort Worth, Tex., for defendant–appellee.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

CHARLES CLARK, Circuit Judge:

The Secretary of Labor brought this suit under section 17 of the Fair Labor Standards Act, 29 U.S.C. § 217, alleging violations of the minimum wage, overtime, child labor, and record–keeping provisions of that Act. The district court found that the defendants had violated the Act, and he awarded the injunctive relief and some, but not all, of the backpay award requested by the Secretary. The Secretary appeals from this ruling. We affirm the judgment of the district court on the merits, but vacate the ruling regarding prejudgment interest.

■ We must initially address a procedural problem. The Secretary of Labor asserts that he intended to file a notice of appeal in this case, but that the notice filed inadvertently bore the wrong docket number. The docket number on the notice was that assigned to another case the Secretary had brought in the same district court against the same defendant under section 16 of the Fair Labor Standards Act. Final judgment was entered in both cases on the same day. The Secretary had prevailed in the section 16 case, receiving all the relief he sought. Two days after the notice of appeal was filed, the Secretary submitted to the district court a motion to amend the notice of appeal or for an extension of time in which to file a notice of appeal in this case. The district court denied both motions, holding that it was without authority to allow amendment of the notice and that the clerical error made by the Secretary was not "excusable neglect" within the meaning of Rule 4(a)(5), Fed.R.App.P. The Secretary appeals from the district court's

denial of both motions addressed to that court. The Secretary has also moved in this Court to amend the notice of appeal, which motion was carried with the case.

This is clearly a case where "excusable neglect" was shown. The district court should have granted the motion for an extension of time in which to file a notice of appeal. We could reverse the district court's ruling and remand the case for entry of an order extending the time in which to file a notice of appeal. Then a new notice of appeal could be filed and a new appeal taken. We decline to follow that circuitous route. Because of the unique circumstances in this case in which both parties have briefed the merits for this Court, we grant the Secretary's motion to amend his notice of appeal by changing the docket number thereon to that of this case.[1] See 28 U.S.C. § 2106.

The Secretary claims that the district court erred in not awarding enough backpay to the identified employees, in not awarding any backpay to unidentified employees, and in failing to award prejudgment interest. The Secretary asserts that the district court misapprehended or misapplied the burden of proof applicable in Fair Labor Standards Act cases. That burden was explained by the Supreme Court in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515, 1522–23 (1946):

> [A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.

■ The Secretary's position is that if the compliance officer presents evidence of the number of hours worked by employees, both known and unknown, and the employer has no written records to refute the findings of the compliance officer, that the district court is bound to enter judgment in accordance with the facts found by the

---

1. We do not mean to indicate that every flaw in a notice of appeal can be cured in this manner. Certainly an untimely notice of appeal cannot be made timely by amending the date thereon.

compliance officer. This is not the case. The language in *Mt. Clemens* immediately following that quoted above indicates that an employer may "come forward with evidence of the precise amount of work performed *or* with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* (Emphasis added). Here the employer did not produce evidence of the precise amount of work performed by her employees, but she did present evidence that would negate the reasonableness of the findings of the compliance officer. The district court made its findings of fact based on the evidence presented by both the compliance officer and the employer. Our appellate task is to determine whether the district court's determinations of fact are clearly erroneous. Fed.R.Civ.P. 52(a).

The district court rejected many of the conclusions of the compliance officer pertaining to identified employees because those conclusions were "extreme" or not supported by the evidence. The rejected conclusions were that the identified employees worked an average of 79 hours per week, and that the defendant was not entitled to deductions for meals provided or salary allegedly paid to the employees.

The district court correctly articulated and applied the burden of proof. The Secretary may establish a prima facie case through direct proof or by evidence which justifies the reasonable inference of essential facts. In some instances, the district court found that a prima facie case had not been established. For example, the court found that the Secretary had not met his burden of providing that any of the defendant's employees worked an average of 79 hours per week. In other instances, the

district court found that a prima facie case had been established but that the defendant had rebutted it. For example, the court found that the defendant's evidence rebutted the reasonable inference drawn from the Secretary's evidence that some employees had worked 70 hours during some weeks.

■ The district court made the following findings: (1) the defendant's employees worked an average of 55 hours per week, (2) the defendant provided one meal for each employee per shift at a cost of at least $1.50, the amount claimed by the defendant, (3) the defendant was not entitled to credit for lodging provided for some employees since the defendant did not offer any evidence concerning the actual cost of providing this lodging, and (4) the defendant ordinarily paid her employees $50 per week. Then the district court made detailed findings of fact about each named employee, and computed the backpay award that was due each named employee.

The Secretary cites *Mt. Clemens* and other cases holding that the defendant has a burden of keeping records and that the defendant may not complain of an inaccurate award of backpay when, had she kept records as the Act requires, a more accurate award could have been given. These cases are inapposite. It is the Secretary, and not the defendant who is complaining of the backpay award given by the district court. It is the trial court's duty, and not that of the compliance officer, to make an award of backpay. The district court weighed the evidence; its findings of fact are not clearly erroneous.

■ As for the "unknown employees[2]" the district court found that the Secretary

---

**2.** From interviews with various employees of the defendant, the compliance officer came to the conclusion that there were at all times between September, 1973, and March, 1978, ten "resident" employees of the defendant. These employees resided in a nearby house provided by the defendant. The compliance officer was able to ascertain some of the names of these employees. The compliance officer computed the amounts of back wages due the unidentified employees by considering the

number of such employees at each particular time and the changing minimum wage and overtime provisions of the Fair Labor Standards Act. The award of back wages sought by the Secretary for these unidentified employees constitutes by far the major portion of the total award sought in this lawsuit; $328,369.16 of the $492,578.72 sought. One of the most questionable assumptions in the compliance officer's computation of back wages due unidentified employees was that although no employ-

failed to prove that there were any unknown employees, that the Secretary failed to produce evidence from which one could ascertain the amount of work these alleged unidentified employees performed, and that, even assuming that the Secretary had established a prima facie case, the defendant rebutted the reasonableness of the inferences regarding unidentified employees. During the bench trial, the court questioned the compliance officer regarding the basis for arriving at the conclusion that there were ordinarily ten employees at all times working for the defendant. In response to the district court's question "How did you arrive at ten?", the compliance officer gave this answer:

> First of all, there were partial indications in the depositions. As far as experience was concerned–I can't remember right now how strong that information was. The other information was from the information that was made available to my attorney, as far as the telephone calls and conferences. Telephone conferences. I think I am not real sure about how the ten was arrived at; I mean the specifics behind it.

The district court's rejection of the reasonableness of this inference was not clearly erroneous.

 The Secretary also challenges the district court's conclusion that prejudgment interest is not recoverable. This is not a new question in this Circuit. Unfortunately, our precedent is not logically consistent. *Usery v. Associated Drugs, Inc.*, 538 F.2d 1191 (5th Cir. 1976) held that prejudgment interest on awards of back wages in an action under section 17 of the Fair Labor Standards Act is recoverable. *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979), without discussing *Usery v. Associated Drugs*, held that prejudgment interest on such awards is not recoverable "under this statute." Since *Barcellona* was a suit under § 16(b) of the Act, we must read its holding as limited to that section.

Whether there is a reason for such a distinction is not for us to decide. In this section 17 action, we are bound to follow *Usery v. Associated Drugs*, the case brought under that section. The district court should have awarded prejudgment interest on the back wages awarded.

We vacate the ruling of the district court that prejudgment interest is not recoverable and remand the case for entry of judgment accordingly. In all other respects, the judgment of the district court is affirmed.

AFFIRMED IN PART, AND IN PART VACATED AND REMANDED.

---

ee who allegedly worked between January 14, 1976 and December 31, 1976, could be identified, there were ten unidentified employees during all of this time. Back wages due were computed accordingly.