STATE OF OREGON, Benton County, Clackmas County, Columbia County, Cloos County, Curry County, Douglas County, Jackson County, Jefferson County, Josephine County, Klamath County, Lane County, Lincoln County, Linn County, Marion County, Multnomah County, Polk County, Tillamook County, Washington County, and Yamhill County, Plaintiffs-Appellants,

v.

CHAMPION INTERNATIONAL CORPORATION, Young and Morgan, Inc., Bugaboo Timber Company, Inc., Freres Timber Company, Inc., Freres Veneer Company, Inc., and Frank Lumber Company, Inc., Defendants-Appellees.

No. 80–3414.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 1982.

Decided July 9, 1982.

James M. Brown, Atty. Gen., Richard L. Caswell, Chief Counsel, Dept. of Justice, James E. Mountain, Jr., Deputy Sol. Gen., Salem, Or., for plaintiffs-appellants.

Charles F. Adams, Stoel, Rives, Boley, Fraser & Wyse, Norman J. Wiener, George J. Cooper, III, Morrison, Dunn, Cohen, Miller, Carney, James R. Moore, Portland, Or., for defendants-appellees.

Before BROWNING, Chief Judge, WALLACE and BOOCHEVER, Circuit Judges.

PER CURIAM:

The State of Oregon appeals the district court's denial of its motion for extension of time in which to file a notice of appeal under Fed.R.App.P. 4(a)(5). The district court entered final judgment dismissing Oregon's claims on May 15, 1980. On June 10, counsel for the State of Oregon prepared and mailed a notice of appeal, but through inadvertence or clerical error addressed the envelope to a state court. The notice of appeal arrived at the district court on June 17, one day after the thirty-day time limit

for filing a notice of appeal. Appellees received a copy of the notice within the thirty-day period. The district court denied Oregon's timely motion pursuant to Fed.R. App.P. 4(a)(5) to extend the period for filing a notice of appeal.

The issue presented is whether the district court abused its discretion in determining that the circumstances of this case did not justify a finding of "excusable neglect" under Rule 4(a)(5). Although the Rule allows an extension of time upon a showing of excusable neglect or "good cause," the latter is applicable only where a motion is filed before the extension of the thirty-day period. The good cause language was added to the Rule by a 1979 amendment because the excusable neglect standard "never fit exactly the situation in which the appellant seeks an extension before the expiration of the initial time." Advisory Committee Notes to 1979 amendment to Fed.R. App.P. 4(a)(5); *see* 9 *Moore's Federal Practice* ¶ 204.13[1.–1] (2d ed. 1980). Since Oregon's motion was filed after the initial time had expired, an extension was permissible only upon a showing of excusable neglect.

■ The standard for determining excusable neglect is "a 'strict' one." *Selph v. Council of Los Angeles*, 593 F.2d 881, 883 (9th Cir. 1979) (quoting Advisory Committee Notes to 1966 amendment to Fed.R. Civ.P. 73, the predecessor of Fed.R.App.P. 4(a)). It was intended to apply only to "extraordinary cases where injustice would otherwise result." *In re Estate of Butler's Tire & Battery Co.*, 592 F.2d 1028, 1034 (9th Cir. 1979) (quoting Advisory Committee Notes to 1966 amendment to Fed.R.Civ.P. 73). Inadvertence or mistake of counsel does not constitute excusable neglect. *Sprout v. Farmers Insurance Exchange*, 681 F.2d 587 (9th Cir. 1982); *Butler's Tire*, 592 F.2d at 1034. *See In re Donnell*, 639 F.2d 535, 539 (9th Cir. 1981). Nor does clerical error by counsel's staff. *Airline Pilots v. Executive Airlines, Inc.*, 569 F.2d 1174 (1st Cir. 1978) (per curiam). *See Selph*, 593 F.2d at 883. *Compare Marshall v. Lancarte*, 632 F.2d 1196, 1197 (5th Cir. 1980). Extending the excusa-

ble neglect exception to clerical errors of counsel or counsel's staff would be inconsistent with the Advisory Committee's intent to limit the exception to extraordinary cases and would thwart the Rule's purpose of promoting finality of judgments. *See Selph*, 593 F.2d at 882; *Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, 411 (1st Cir. 1976); *Pasquale v. Finch*, 418 F.2d 627, 630 (1st Cir. 1969).

None of the cases relied upon by appellants holds to the contrary. In *Stirling v. Chemical Bank*, 511 F.2d 1030, 1032 (2d Cir. 1975), and *Evans v. Jones*, 366 F.2d 772, 773 (4th Cir. 1966), the Second and Fourth Circuits remanded to the respective district court for a determination whether excusable neglect was shown. In *Doctor v. Seaboard Coast Line Railroad*, 540 F.2d 699, 704 (4th Cir. 1976), the Fourth Circuit expressly refused to consider the issue of timeliness of the notice of appeal.

■ The district court did not abuse its discretion in finding the inadvertent mistake in addressing the notice of appeal was not excusable neglect under Fed.R.App.P. 4(a)(5).

AFFIRMED.

BOOCHEVER, Circuit Judge, dissenting:

Like the majority, I subscribe to the view that the principle of finality promotes important values in our system of jurisprudence. I also agree that the rules governing the timeliness of appeals play an important role in preserving those values. *See Selph v. Council of City of Los Angeles*, 593 F.2d 881, 882 (9th Cir. 1979). I depart from the majority, however, in its conclusion that the principle of finality, as embodied in the rules that govern the timeliness of appeals, is so inflexible and unyielding that it bars consideration of this appeal on the merits. In my opinion, the majority's rigid adherence to the principle of finality and its "strict" reading of the "excusable neglect" standard contravenes the intent of those who drafted the rules, and, as a result deprives appellants of their right to have their appeal resolved on its merits. Accordingly, I dissent.

Fed.R.App.P. 4(a)(5) authorizes the district courts to extend the time for filing a notice of appeal upon a showing of "excusable neglect or good cause." Because appellants' motion for an extension was filed after the 30 day time limit had run, only the "excusable neglect" standard is at issue here. The predecessor to Fed.R.App.P. 4(a)(5), former Fed.R.Civ.P. 73(a), once provided for extensions only upon a showing of "excusable neglect *based on the failure of a party to learn of the entry of judgment.*" *See* 9 *Moore's Federal Practice* ¶ 203.24[2], at 3–97 (2d ed. 1982) [hereinafter *Moore's*]. In 1966, pursuant to a recommendation by the Advisory Committee on Appellate Rules of the Judicial Conference, the Supreme Court amended Rule 73 by deleting the italicized language. *Id.* at 3–98. A member of the Committee noted that experience had revealed a variety of situations "in which tardiness is excusable" and should not be fatal to an appeal, even if the appellant is aware of the judgment. *See* Stern, *Changes in the Federal Appellate ·Rules,* 41 F.R.D. 297, 298–99. The Advisory Committee explained the meaning of the new standard:

> In view of the ease with which an appeal may be perfected, no reason other than failure to learn of the entry of judgment should ordinarily excuse a party from the requirement that the notice be timely filed. But the district court should have authority to permit the notice to be filed out of time in extraordinary cases where injustice would otherwise result.

Committee Note of 1966 to Amended Subdivision (a), *reprinted in* 9 *Moore's* ¶ 203.25[3], at 3–106.

Although the requirements of Rule 4 are "mandatory" and the "excusable neglect" standard is "a strict one," *Selph,* 593 F.2d at 883, the standard is not meaningless; the barrier it imposes to extensions should not be insurmountable. The drafters, in fact, have incorporated an example of an "extraordinary" case into the body of the rules that lends meaning to the standard. Fed.R. App.P. 4(a)(1) provides:

> If a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and transmit it to the clerk of the district court and it shall be deemed filed in the district court on the date so noted.[1]

This example evidences the drafters' intent that *de minimis* instances of neglect, such as the misaddressing of an envelope, be excused. To hold that mailing a notice of appeal to the state district court is inexcusable although the rules explicitly require an opposite result if notice is mistakenly sent to the court of appeals defies explanation.

In affirming the district court's denial of the motion for an extension, the majority effectively writes the "excusable neglect" standard, as it applies to errors of appellants' counsel, out of Rule 4(a)(5). The drafters' use of "neglect" seems to be a reference to conduct or omissions by appellants or their counsel for which they could be faulted. The use of "excusable" seems to acknowledge that there will be occasions of tardiness that, although avoidable, should be excused. To hold otherwise would render the "excusable neglect" standard meaningless.[2] In this case, one of the appellants mailed a notice of appeal six days before the filing period expired.[3] Be-

1. This language was added to Rule 4 when it was amended in 1979. *See* 9 *Moore's* ¶ 204.01[3], at 4–6, 4–7.

2. It is not insignificant that the 1966 amendment occurred shortly after the Supreme Court decided *Berman v. United States,* 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964) (per curiam), in which a criminal defendant's notice of appeal was not timely filed because his counsel assigned the filing task to an associate, who fell ill during the last day for filing and failed to deliver the notice of appeal. Although the

precedential effect of that holding is uncertain in light of the 1966 amendment, it would be reasonable to presume that the Supreme Court amended the rule, in part, to avoid similarly harsh results in future cases. *See* 9 *Moore's* ¶ 204.13 [1.–3], at 4–94.

3. The district court's order was entered on May 15, 1980. Because the 30 day deadline would have fallen on Saturday, June 14, 1980, appellants had until Monday, June 16, 1980, to file a timely notice of appeal. Fed.R.App.P. 26(a).

cause the notice was addressed to a state district court rather than to the federal district court, it arrived at the federal district court one day late.[4] If this type of human error is not excusable, I cannot imagine what would be. Such an error could escape undetected in the most carefully run office, and I am loathe to find such neglect inexcusable when the consequence of such a holding is to deny a litigant the right of having an appeal adjudicated on the merits.

We are not asked, in this case, to accept an easily manufactured excuse or to condone manipulative techniques. This is not a case in which counsel attempted to attribute a lack of diligence to a heavy caseload, to confusion within his office, or to misreading a rule. *See Selph*, 593 F.2d at 883; *Harlan v. Graybar Electric Co.*, 442 F.2d 425, 426 (9th Cir. 1971) (per curiam). Rather, in this case, counsel took affirmative steps to comply with the rules but was unsuccessful because of an honest clerical error. The Fifth Circuit excused an error of comparable magnitude in *Marshall v. Hope Garcia Lancarte*, 632 F.2d 1196, 1197 (5th Cir. 1980), in which the appellant's notice of appeal was arguably untimely because it inadvertently bore the wrong docket number.[5] *Cf. Stirling v. Chemical Bank*, 511 F.2d 1030 (2d Cir. 1975) (per curiam) (remanding for determination of whether there was excusable neglect where independent filing service failed to submit the filing fee). In my view, Rule 4(a)(5) was designed to alleviate the effect of forces beyond an attorney's control. The majority refuses to recognize that one such force is the susceptibility of an attorney's staff to human error.

Nor is this a case in which the appellees can claim prejudice if we hear an untimely appeal. Copies of the notice of appeal were mailed to appellees' counsel, one of whom acknowledged receipt thereof three days before the filing deadline.

Where the applicable rule permits, the interest in finality must be balanced against that of promoting justice based on the merits of a case. *See, e.g., Smith v. Jackson Tool & Die, Inc.*, 426 F.2d 5, 8 (5th Cir. 1970) (per curiam). I do not think that hearing this appeal would critically undermine the finality doctrine or create substantial infirmities in the rules governing the timeliness of appeals.[6] In my view, the district court abused its discretion in denying appellants' motion for an extension.

4. If an alert state court clerk had immediately noticed that the notice of appeal had been improperly addressed and had routed it forthwith to the United States District Court, it would have, in all probability, arrived on time considering normal circumstances for delivery of mail. I question whether our jurisdiction should hinge on something so fortuitous and uncontrollable.

5. *Sprout v. Farmers Insurance Exchange*, 681 F.2d 587 (9th Cir. 1982) (per curiam), cited by the majority, is not to the contrary. In that case, the appellant's tardiness was attributable to an attorney's procrastination in preparing the notice of appeal, something well within his control. That case did not involve the inadvertent secretarial error present here. *Airline Pilots v. Executive Airlines, Inc.*, 569 F.2d 1174 (1st Cir. 1978) (per curiam), is also distinguishable. In that case, the court refused to excuse tardiness that oc-

curred because a secretary allegedly "diaried the date upon which the appeal period expired as September 11th instead of September 1st." A ruling to the contrary would have opened the door to a variety of easily manufactured excuses.

6. Moreover, the precedent established by the majority will disserve the interest of judicial economy. Neglect that is not excusable is inexcusable; if the appellants had been represented by private counsel rather than by the Attorney General and Solicitor General of Oregon, the majority's holding would virtually invite a legal malpractice claim. Before establishing precedent that is likely to create malpractice liability and thus generate additional litigation, we should first find that the filing rules unequivocally compel such a result. In this case, the rule is not compelling.