**Angelo M. DILIBERTI**

v.

**The UNITED STATES.**

No. 551–80C.

United States Claims Court.

Feb. 3, 1984.

Douglas Wellman, Chicago, Ill., for plaintiff.

Mary Mitchelson, Washington, D.C., with whom is Acting Asst. Atty. Gen., Richard K. Willard, Washington, D.C., for defendant.

## ORDER

SETO, Judge.

This matter comes before the Court on two motions filed concurrently on June 29, 1983, by plaintiff following dismissal pursuant to a finding for defendant on cross-motions for summary judgment. The first is a "Motion for Reconsideration of Summary Judgment Order" and the second is a motion for an extension of time in which to file notice of appeal. For the reasons set forth below this court denies both of the plaintiff's motions.

## BACKGROUND

This court, pursuant to defendant's cross-motion for summary judgment, filed an opinion in favor of the United States on April 29, 1983. *Diliberti v. United States,* 2 Cl.Ct. 404 (1983) [SETO, J.]. Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure (FRAP), a notice of appeal was required to be filed on or before June 28, 1983. However, plaintiff's notice of appeal was not received by the Clerk of the Claims Court until June 29, 1983. Having missed the June 28, 1983, deadline for filing notice of appeal, plaintiff's counsel moved for an extension of time within which to file a notice of appeal. Plaintiff's counsel states that he had mistakenly believed that RUSCC 6(c) and FRAP 26(c), both of which allow for additional time after service by mail, applied to the filing of a notice of appeal and, moreover, contends that this misreading of the rules constitutes excusable neglect or good cause as required by FRAP 4(a)(5).

## DISCUSSION

We first address plaintiff's motion for reconsideration of summary judgment. Plaintiff's motion states that there is additional case law to support his position; however, no supporting memorandum was filed with this court. Without supporting memoranda, it is impossible to consider plaintiff's assertedly meritorious argument. Plaintiff's motion therefore shall be denied.

Plaintiff's motion for extension of time in which to file a notice of appeal must also be denied. The United States Claims Court may extend the time for filing a notice of appeal upon a showing of "excusable neglect or good cause." FRAP 4(a)(5). As the Advisory Committee Notes to Rule 4(a)(5) indicate, however, the "good cause" standard applies only to situations where the appellant seeks an extension of time *before* the expiration of the initial appeal period. FRAP 4(a)(5), Advisory Committee Notes. Thus, where, as in this case, the appellant seeks extension *after* the expiration of the initial appeal period, "excusable neglect," rather than "good cause", is the standard to apply. *Pruitt v. Kimbrough,* 536 F.Supp. 764, 768 (N.D.Ind.1982); *Import Specialties, Inc. v. Mylee Digital Sciences, Inc.,* 518 F.Supp. 1295 (E.D.Wis. 1981); 9 Moore, *Federal Practice* § 204.-13[1] (1983).

The history of FRAP 4(a)(5) indicates that the standard for determining "excusable neglect" is a "strict one". *Selph v. Council of the City of Los Angeles,* 593 F.2d 881, 883 (9th Cir.1979) (quoting Advisory Committee Notes to 1966 amendment to Fed.R.Civ.P. 73, the predecessor of FRAP 4(a)); *Fase v. Seafarers Welfare & Pension Plan,* 574 F.2d 72, 76 (2d Cir.1978). In civil appeals, the application of this standard has been limited to "unique and extraordinary circumstances." *United States v. Ferrer,* 613 F.2d 1188, 1190–1191 (1st Cir.1980); *Spound v. Mohasco Industries, Inc.,* 534 F.2d 404, 411 (1st Cir.1976). Although a determination of what is "unique and extraordinary" is within the discretion of the trial judge, mistake of counsel is *not,* as a general rule, recognized as excusable neglect. *Danna v. United States,* No. 83–1083 (Fed.Cir. Aug. 17, 1983); *State of Oregon v. Champion International Corp.,* 680 F.2d 1300 (9th Cir.1982); *Chipser v. Kohlmeyer and Co.,* 600 F.2d 1061 (5th Cir.1979); *Spound v. Mohasco Industries, Inc.,* 534 F.2d at 411 (1st Cir.1976) ("mere palpable mistake by experienced counsel" is not excusable neglect).

In the case at bar, plaintiff's counsel mistakenly believed that Rule 6(c) of the Rules of the United States Claims Court allowed additional time for notice of appeal after service by mail. This procedural error, however, does not constitute "excusable neglect" as contemplated by the federal rules and followed by the Court of Appeals for the Federal Circuit. *Danna v. United States,* No. 83–1083 (Fed.Cir. Aug. 17, 1983).[1] In adopting a strict standard to be applied in cases demonstrating mistake of counsel, the Federal Circuit, in the *Danna* case, granted the respondent's motion to dismiss under facts on all fours with the facts of this case. The case at bar does not constitute an "emergency situation," Stern, *Changes in Federal Appellate Procedure,* 41 F.R.D. 297, 298–299 (1967), where injustice would otherwise result. *Matter of Estate of Butler's Tire and Battery Co.,* 592 F.2d 1028, 1034 (9th Cir.1979). *See also Chipser v. Kohlmeyer and Co.,* 600 F.2d at 1063 (5th Cir.1979) (excusable neglect found in unique circumstance where attorney was misled by confusing statement of the court.)

Moreover, extending the excusable neglect standard to include mistake of counsel would frustrate and circumvent Rule 4(a)'s purpose of insuring finality of judgment. *See State of Oregon v. Champion International Corp.,* 680 F.2d at 1301 (9th Cir.1982). Thus, the requirement of a timely filing of notice of appeal would be at best vague, while making the requirement of unique or extraordinary circumstances meaningless. *Spound v. Mohasco Industries, Inc.,* 534 F.2d at 411 (1st Cir.1976).

Accordingly, for the reasons set forth above, both motions are DENIED.

---

**1.** The 60-day time limitation for filing a notice of appeal from the date of summary judgment, April 29, 1983, had also already expired by *one day* at the time the notice of appeal was filed on June 29, 1983. Therefore, the motion for reconsideration of summary judgment under Rule 60(b) of the Federal Rules of Civil Procedure did not fall within the time for filing an appeal. *See Hardy v. St. Paul Fire and Marine Insurance Co.,* 599 F.2d 628 (5th Cir.1979); *See Silas v. Sears, Roebuck & Co.,* 586 F.2d 382, 386 (5th Cir.1978).