**NORTHWEST COMMERCIAL FISHERMEN'S FEDERAL RECOVERY ASSOCIATION, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 51–83C.

United States Claims Court.

Aug. 3, 1984.

---

**746**

560, 54 L.Ed.2d 521 (1977), *reh'g denied,* 434 U.S. 1089, 98 S.Ct. 1286, 55 L.Ed.2d 795 (1978); *Sofarelli Associates, Inc. v. United States,* 716 F.2d at 1396. Therefore, plaintiff's notice of appeal was returned by the Clerk as untimely the day it was received. On July 24, 1984, plaintiff moved for an extension of time to file its notice of appeal. It asserts that it "tried to file a timely appeal, but failed to do so due to the time it took for the pleading to reach the United States Claims Court ... in the United States mail." An accompanying affidavit shows that plaintiff's counsel of record also entrusted another attorney with the responsibility for filing the notice.

■ Because the time for filing a notice of appeal has expired, this court may grant an extension only upon "a showing of excusable neglect." Fed.R.App.P. 4(a)(5); *Prestex, Inc. v. United States,* 4 Cl.Ct. 14, 16 (1983), *aff'd mem,* No. 84–790 (Fed.Cir. July 27, 1984). The requirements for establishing excusable neglect are strict, *see Sprout v. Farmers Insurance Exchange,* 681 F.2d 587, 588 (9th Cir.1982); *Prestex, Inc. v. United States,* 4 Cl.Ct. at 17, and are satisfied only in "extraordinary cases where injustice would otherwise result." *See Oregon v. Champion International Corp.,* 680 F.2d 1300, 1301 (9th Cir.1982); *see also Airline Pilots in the Service of Executive Airlines, Inc., Counsel No. 2 v. Executive Airlines, Inc.,* 569 F.2d 1174, 1175 (1st Cir.1978).

■ Plaintiff's statement that the notice was untimely because of mail service is insufficient to establish excusable neglect. When it elected to send its notice by regular mail from Anacortes, Washington, to Washington, D.C., on Thursday, June 28, 1984, plaintiff assumed the risk that the notice would be received on or before Monday, July 2, 1984. *See Matter of Bad Bubba Racing Products, Inc.,* 609 F.2d 815, 816 (5th Cir.1980); *Lejeune v. Midwestern Insurance Co.,* 197 F.2d 149, 150 (5th Cir.1952). On occasion, there may be extraordinary circumstances compelling a different conclusion, *see Fallen v. United States,* 378 U.S. 139, 143, 84 S.Ct. 1689,

## MEMORANDUM ORDER

MAYER, Judge.

■ Judgment was entered in this case on May 3, 1984. Sixty-one days later, July 3, 1984, plaintiff's notice of appeal was received by the Clerk of Court. When the United States is a party, a notice of appeal must be filed within 60 days of entry of judgment. Fed.R.App.P. 4(a)(1); *Sofarelli Associates, Inc. v. United States,* 716 F.2d 1395, 1396 (Fed.Cir.1983). This requirement is "mandatory and jurisdictional." *Browder v. Director, Department of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556,

1692, 12 L.Ed.2d 760 (1964), but plaintiff has offered no reason why it should not be held responsible for waiting until the last minute to prepare and deliver its notice. *See Sprout v. Farmers Insurance Exchange*, 681 F.2d at 588; *H.L. Smith, Inc. v. Allied Chemical Corp.*, 564 F.Supp. 377, 378 (M.D.La.1983). It has the burden to demonstrate excusable neglect. *See Craig v. Garrison*, 549 F.2d 306, 307 (4th Cir. 1977). If the court granted an extension of time for every notice of appeal untimely because another was entrusted with filing or the method of delivery was not efficient, the rule would be meaningless and its purpose of promoting finality of judgments would be thwarted. *See Oregon v. Champion International Corp.*, 680 F.2d at 1301; *Pasquale v. Finch*, 418 F.2d 627, 630 (1st Cir.1969); *Prestex, Inc. v. United States*, 4 Cl.Ct. at 19.

Accordingly, plaintiff's motion for an extension of time to file its notice of appeal is DENIED.