**CLEEK AVIATION an Oklahoma corporation, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 426–88C.

United States Claims Court.

July 13, 1990.

Rocklin D. Lyons, Oklahoma City, Okl., for plaintiff.

Margaret Lee Baskette, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## OPINION

MARGOLIS, Judge.

This case is before the court on the plaintiff's Motion to Extend the Time for Filing Notice of Appeal, under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. Plaintiff's notice of appeal reached this court 10 days after the deadline for filing such notice. Plaintiff argues that the circumstances surrounding the delay constitute excusable neglect within the meaning of Rule 4(a)(5), and therefore this court should grant an extension of time for filing the notice of appeal. Defendant argues that the delay is the result of a clerical error which does not constitute excusable neglect. After a careful review of the entire record and relevant case law, this court concludes that the facts do not constitute

excusable neglect, and the plaintiff's motion is denied.

## FACTS

On February 26, 1990, this court granted the defendant's motion for summary judgment and denied the plaintiff's motion for summary judgment in the underlying government contracts dispute. 19 Cl.Ct. 552. On the same day, the clerk of the court dismissed the complaint and entered judgment for the defendant. Under Federal Rule of Appellate Procedure 4(a)(1), the plaintiff was permitted 60 days in which to file a notice of appeal. The deadline for filing a notice of appeal was April 27. By letter dated April 16, a secretary to plaintiff's counsel sent several copies of the notice of appeal to this court via regular mail. The parties agree that the envelope in which the notice of appeal was sent was postmarked April 17, 1990. The secretary included a letter requesting the return of a file-stamped copy of the notice of appeal, a self-addressed, stamped envelope for this purpose, and a check covering the filing fee.[1]

The envelope containing plaintiff's notice of appeal was incorrectly addressed. The envelope lacked a street address and bore the zip code 20500 instead of the correct 20005. The clerk of this court received the notice on May 7, 20 days after it was postmarked and 10 days after the April 27 deadline for filing such notice had passed.

Counsel for the plaintiff did not contact the court to confirm the receipt of the notice until May 2, five days after the deadline. Counsel explains that the secretary, who was new to his office, did not follow office procedures requiring notices of appeal to be sent by certified mail, and further, that counsel did not review the address to which the notice of appeal was sent. However, plaintiff's counsel notes that Rule 4(a)(5) permits late filing of notices of appeal where there is "excusable

neglect." He argues that these aforementioned events are within the meaning of excusable neglect under Rule 4(a)(5), particularly since the notice of appeal was mailed 10 days in advance of the deadline for filing. Defendant argues that excusable neglect does not include the inadvertent mistakes of counsel or his staff, and that plaintiff's counsel assumed the risk of inefficient mail service by sending the notice of appeal via regular mail.

## DISCUSSION

■ In claims in which the United States is a party, a notice of appeal must be filed within 60 days from the date of entry of the judgment. Fed.R.App.P. 4(a)(1). The requirement that notice of appeal be timely filed is "mandatory and jurisdictional." *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 *reh'g denied*, 434 U.S. 1089, 98 S.Ct. 1286, 55 L.Ed.2d 795 (1978) (citations omitted).

Rule 4(a)(5) provides in part that:

[a] district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).

Fed.R.App.P. 4(a)(5).

The Rule appears to allow extensions of time for filing a notice of appeal on a showing of either good cause or excusable neglect even when the motion is made after the deadline has passed. However, the Advisory Committee Notes to the 1979 amendment explain that the good cause standard applies to motions made prior to the expiration of the filing period. After the filing period has ended, an extension will be granted only upon a showing of excusable neglect. Advisory Committee Notes to 1979 Amendment to Fed.R.App.P. 4(a)(5); 9 Moore's Federal Practice ¶ 204.13[1.–1] (2d ed. 1990).[2] Here, the time deadline for

---

1. Also by letter dated April 16, plaintiff's counsel mailed a copy of the notice of appeal to defendant. Defendant's counsel received her copy sometime on or before May 2, 1990.

2. A majority of circuits have held that once the time for filing a notice of appeal has expired, the good cause standard is no longer applicable. Extensions then may be granted only upon a showing of excusable neglect. *Borio v. Coastal*

filing a notice of appeal expired on April 27, and plaintiff's counsel filed his motion for an extension of time on May 7. Plaintiff's motion for an extension of time comes after the deadline for filing a notice of appeal; therefore this court will grant an extension only upon a showing of excusable neglect.

■ Because timely filing of a notice of appeal affects the jurisdiction of the appellate court, the time requirements of Rule 4(a)(1) have long been treated as especially rigid. *In re O.P.M. Leasing Services, Inc.*, 769 F.2d 911, 916 (2d Cir.1985). In the Federal Circuit, the standard for establishing excusable neglect is strict. *Prestex*, 4 Cl.Ct. at 17. Excusable neglect is limited to "unique and extraordinary circumstances," and few situations will ordinarily qualify. *Reinsurance Co. of America, Inc. v. Administratia*, 808 F.2d 1249, 1251–52 (7th Cir.1987); *Diliberti v. United States*, 4 Cl.Ct. 505, 506 (1984). The party who moves for an extension of time bears the burden of proving excusable neglect.

■ What constitutes excusable neglect depends on the circumstances of each case. Where the district court led counsel to believe it would accept a late filing of a notice of appeal, or where the court caused a delay, courts have found excusable neglect. *Thompson v. Immigration and Naturalization Service*, 375 U.S. 384, 387, 84 S.Ct. 397, 398, 11 L.Ed.2d 404 (1964); *Redfield v. Continental Casualty Corp.*, 818 F.2d 596,

603 (7th Cir.1987) (excusable neglect where clerk failed to enter the order under the correct case number, preventing appellant from learning that order had been entered). Courts have sometimes found excusable neglect where provisions of law were clearly in conflict and counsel's misreading of them resulted in a delay in filing a notice of appeal. *Feeder Line Towing Service, Inc. v. Toledo, Peoria & Western R.R. Co.*, 539 F.2d 1107, 1109 (7th Cir.1976). However, many courts have not been sympathetic where the misreading was due to counsel's inexcusable mistake. *Parke–Chapley Construction Co. v. Cherrington*, 865 F.2d 907, 913 (7th Cir.1989).[3] *See generally 9 Moore's Federal Practice* ¶ 204.13[1.–3] (2d ed. 1990).

In the Federal Circuit, it appears that a mistake of counsel, without more, will not constitute excusable neglect. *Prestex*, 4 Cl.Ct. at 17; *Diliberti*, 4 Cl.Ct. at 506. In *Prestex*, counsel filed the notice of appeal one day late. In support of his motion to extend the time for appeal, counsel stated that he was confused as to the calculation of the expiration of the filing period and suggested that this confusion resulted from medications he had been taking to control hypertension. 4 Cl.Ct. at 18. The court construed excusable neglect strictly in accordance with the Federal Circuit's holding in *Danna v. United States*, No. 83–1083, slip op. (Fed.Cir. Nov. 7, 1983).[4]

---

Marine Construction Co., 881 F.2d 1053, 1055 (11th Cir.1989); *Parke–Chapley Construction Co. v. Cherrington*, 865 F.2d 907, 909–10 (7th Cir. 1989); *650 Park Avenue Corp. v. McRae*, 836 F.2d 764, 766 (2d Cir.1988); *Consolidated Freightways Corp. v. Larson*, 827 F.2d 916, 918 (3d Cir.1987), *cert. denied*, 484 U.S. 1032, 108 S.Ct. 762, 98 L.Ed.2d 775 (1988); *Oregon v. Champion International Corp.*, 680 F.2d 1300, 1301 (9th Cir.1982); *Prestex, Inc. v. United States*, 4 Cl.Ct. 14, 16 (1983), *reconsideration denied*, 4 Cl.Ct. 317 (1984), *aff'd*, 746 F.2d 1489 (Fed.Cir.1984) (table). *But see Scarpa v. Murphy*, 782 F.2d 300, 301 (1st Cir.1986) (good cause standard applies even after expiration of filing period).

3. Occasionally, unpredictable events affecting delivery of the notice to the clerk have been found to be excusable neglect. *Scarpa v. Murphy*, 782 F.2d 300 (1st Cir.1986). In *Scarpa*, the appellant mailed the notice of appeal to the

district court five days before the deadline for filing the notice of appeal. The address on the envelope containing the notice of appeal included the street name but not the exact number on Main Street for the courthouse. The Post Office delivered the notice of appeal two days late. The Court of Appeals for the First Circuit held that there was excusable neglect primarily because the court did not regard it to be a mistake to omit the street number on the envelope. Rather, the court blamed the delay on the Post Office, which took seven days to carry a letter three miles. *Id.* at 301.

4. In *Danna*, the Federal Circuit summarily dismissed an appeal in which a notice of appeal was filed late. In doing so, the Federal Circuit reversed a Claims Court decision holding that counsel's error in computing the deadline for filing a notice of appeal constituted excusable neglect. *See Prestex*, 4 Cl.Ct. at 16–17.

Finding the delay in filing to have been caused by counsel's error, the *Prestex* court held that mistakes of counsel do not constitute excusable neglect. Similarly, in *Diliberti,* an attorney's error in interpreting the rules was not enough to constitute excusable neglect. The court added that "extending the excusable neglect standard to include mistake[s] of counsel would frustrate and circumvent Rule 4(a)'s purpose of insuring finality of judgment." 4 Cl.Ct. at 507.

■ The facts in this case show that no "unique and extraordinary circumstances" caused the delay in filing the notice of appeal; rather, clerical errors caused the delay. Counsel admits that he failed to review the address on the envelope containing the notice of appeal. The envelope was mailed with the wrong address, and consequently it took three weeks for the notice of appeal to arrive at the courthouse. Presented with nearly the same set of facts, the Court of Appeals for the Ninth Circuit refused to find excusable neglect. *Oregon v. Champion International Corp.,* 680 F.2d 1300 (9th Cir.1982). In *Champion,* the envelope containing the notice of appeal was addressed to the state court instead of the federal court. The notice of appeal finally arrived in the district court one day late. The Court of Appeals found no excusable neglect and explained "[e]xtending the excusable neglect exception to clerical errors ... would be inconsistent with the Advisory Committee's intent to limit the exception to extraordinary cases and would thwart the Rule's purpose of promoting finality of judgments." *Id.* at 1301.

Moreover, counsel admits that these are not unique and extraordinary circumstances. He notes in his brief that his error "is the type of error for which any attorney can, and at times, does fall victim to." Plaintiff's Response at 4. He also admits that his normal office procedures require his staff to mail notices of appeal by certified mail, not by regular mail. This procedure suggests counsel was aware of the serious nature of Rule 4(a) filing deadline. Counsel did not telephone the clerk until 5 days *after* the deadline had passed. By failing to check with the clerk's office and failing to send the notice of appeal by certified mail, counsel assumed that risk that the Post Office would not deliver the notice on time. *See Northwest Commercial Fishermen's Federal Recovery Association, Inc. v. United States,* 5 Cl.Ct. 745, 746 (1984). In addition, counsel had included a self-addressed, stamped envelope and requested the clerk to return a file-stamped copy to him. Counsel might have been alerted that the notice of appeal was not filed when he did not receive his file-stamped copy of the notice from the clerk of the court. *Freeman v. Dole,* 595 F.Supp. 710, 712 (D.D.C.1984).

Plaintiff's counsel claims that he made a conscientious effort at compliance with the filing deadline. He points to the fact that he mailed the notice of appeal "nearly a full two (2) weeks" early as evidence of his good faith. While this court is sympathetic, this argument is unavailing. Many courts agree that the date of filing is the date of receipt by the clerk. *See Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 2384, 101 L.Ed.2d 245 (1988).

Plaintiff cites *Consolidated Freightways Corp. v. Larson,* 827 F.2d 916 (3d Cir. 1987), *cert. denied,* 484 U.S. 1032, 108 S.Ct. 762, 98 L.Ed.2d 775 (1988), and a case which followed it, *Hiab Cranes & Loaders, Inc. v. U.S. Truck Cranes, Inc.,* 125 F.R.D. 107 (M.D.Pa.), *aff'd,* 882 F.2d 511 (3d Cir. 1989) (table). In *Larson,* the appellant's notice of appeal listed the Eastern District of Pennsylvania rather than the Middle District of Pennsylvania. Consequently, appellant's office staff mailed it to the Eastern District rather than hand delivering it to the Middle District clerk's office. The notice finally arrived at the correct court five days late. The Third Circuit found this mistake to be excusable neglect. 827 F.2d at 919–20. The court listed several factors to determine excusable neglect: (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure; (2) whether the asserted inadvertence reflects an easily manufactured excuse in-

capable of verification by the court; (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence; (4) whether the inadvertence reflects a complete lack of diligence; or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance.

*Id.* at 919 (citations omitted).

Plaintiff suggests that application of these factors in this case compels a finding of excusable neglect. This court cannot agree. First, the standard in the Federal Circuit appears to be stricter than that in the Third Circuit. Even if these factors are applied here, they do not compel a finding of excusable neglect. Factors numbered three, four and five are particularly revealing. Factor three addresses the foreseeability of the consequence. It was not unforeseeable that the envelope would be misrouted by an incorrect address. Plaintiff's counsel admits that he ordinarily uses certified mail for notice of appeal filings, presumably to avoid the hazards of regular mail service. In addition, it is not unforeseeable that a secretary new to an office will neglect to follow office procedures, or that a new secretary will use the wrong address. Counsel also might have been alerted to a problem by the fact that he did not receive a file-stamped copy of the notice of appeal from the clerk of the court.

In applying factor four, while the mistakes here do not reflect a *complete* lack of diligence, nevertheless the clerical errors here were foreseeable and might have been avoided with more diligence. Further, counsel has failed to persuade this court that he has met *Larson's* fifth factor by making a substantial good faith effort to file the notice of appeal on time.

Plaintiff's reliance upon *Hiab* is misplaced. In *Hiab*, the attorney for the appellant did not learn of the judgment in time to file a notice of appeal because a secretary in his office misplaced the judgment. The court found this circumstance to be excusable neglect in light of the fact that the attorney could not readily have discovered the error. Here, however, plaintiff's counsel could have avoided the mistake by following his normal office procedures.

Finally, plaintiff cites *Marshall v. Hope Garcia Lancarte*, 632 F.2d 1196 (5th Cir. 1980). There, the appellant filed a timely notice of appeal but used the wrong docket number. Without analysis, the Fifth Circuit concluded this was excusable neglect. *Id.* at 1197. The *Marshall* case, too, is distinguishable by the fact that the notice of appeal was timely; the notice simply bore the wrong docket number.

Finding excusable neglect under the circumstances of this case "would frustrate and circumvent Rule 4(a)'s purpose of insuring finality of judgment." *Diliberti*, 4 Cl.Ct. at 507; *Pratt v. McCarthy*, 850 F.2d 590, 593 (9th Cir.1988), *reh'g denied*, 878 F.2d 331 (9th Cir.1989); *In re O.P.M. Leasing Services, Inc.*, 769 F.2d at 917. (a loose interpretation of excusable neglect would produce a result not intended by the Rule's framers). Moreover, a finding by this court of excusable neglect would be inconsistent with the case law of this circuit limiting excusable neglect to extraordinary circumstances.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to extend the time for filing the notice of appeal is denied.