**CHEVRON U.S.A., INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 100–88C.

United States Claims Court.

Dec. 4, 1990.

Paula L. Levitan, San Francisco, Cal., for plaintiff.

Elizabeth S. Woodruff, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on plaintiff's motion for reconsideration of the court's November 21, 1990 Order denying plaintiff's motion for an enlargement of time in which to file a notice of cross-appeal based on excusable neglect. After hearing argument over the telephone, and further examination of the facts, and the relevant rules and law, the court, for the reasons stated below, reverses its earlier decision and allows plaintiff's motion for an enlargement of time.

## FACTS

On August 7, 1990, this court entered judgement in *Chevron U.S.A., Inc. v. United States,* No. 100–88C, in favor of plaintiff in the amount of $938,144.01. On August 17, plaintiff filed a motion for reconsideration of the part of the judgment denying plaintiff's request for interest. The court denied that motion on August 23, 1990. On October 22, 1990, the last day to appeal the judgment, the government filed a notice of appeal in the United States Court of Appeals for the Federal Circuit, rather than in the Claims Court as required by Fed.R. App.P. 3(a). By the time the period to appeal expired, plaintiff had twice called the clerk of the Claims Court to confirm that the government had not filed an appeal, and was told that none had been received. The Claims Court did not receive the notice of appeal from the Federal Circuit until October 29, 1990. Plaintiff did not become aware of the appeal until it received a notice of docketing from the Court of Appeals on November 7, 1990, two days after plaintiff's time for filing a cross-appeal had expired. Two days later, on November 9, 1990, plaintiff finally received the notice of appeal from the clerk of the Claims Court.[1] Plaintiff immediately filed its motion for an enlargement of time in which to file a notice of cross-appeal, which the government did not oppose. The court denied that motion on November 21, 1990. On December 3, 1990, plaintiff filed its motion for reconsideration now before the court. The government did oppose this motion because it considered plaintiff's cross-appeal frivolous. While that may or may not be true, it does not go to the merits of issue at hand to wit, whether plaintiff unfairly was deprived of filing its notice of cross-appeal. The Court of Appeals for the Federal Circuit will address the merits of plaintiff's actual appeal at a later date.

## DISCUSSION

Under Federal Rule of Appellate Procedure 4(a)(3), a party has fourteen days from the date an opposing party files an appeal to file its own notice of cross-appeal. A party is to file its notice of appeal in the district court, but if it mistakenly files the notice in the court of appeals, that notice is deemed filed in the district court on the date it is received in the court of appeals. Fed.R.App.P. 4(a)(1). Therefore, plaintiff's time to file its cross-appeal began to run on October 22, 1990, and expired on November 5, 1990—two days before plaintiff first became aware that the government had appealed.

The very fact that the rules grant a party fourteen days to file a cross-appeal indicates the importance of allowing a party some time after it learns of the intentions of its opponent to determine what strategy it best should follow.

"The purpose of Rule 4(a)'s provision allowing additional time for an appeal that is taken after an initial appeal is simply to permit each party to a judgement to decide upon the advisability of an appeal with full knowledge of the intentions of all the other parties with respect to an appeal.

*       *       *       *       *       *

"By allowing a party a period of at least fourteen days in which to appeal after an initial appeal has been taken by any other party, Rule 4(a) goes far toward eliminating the necessity for so-called protective appeals and the wasteful practice of keeping watch at the office of the clerk."

9 Moore's Federal Practice (2d Ed.1990) ¶ 204.11(1) at pp. 4–40, 4–41. Here, plaintiff, through no fault of its own, lost the opportunity to plan its appeals strategy with full knowledge of its opponent's intentions.

■ Federal Rule of Appellate Procedure 4(a)(5) grants the district court the authority to extend the time for filing an appeal based on excusable neglect or good cause. Good cause applies only to those instances in which the party makes its request for an extension within the original time period for taking the appeal. Fed.R. App.P. 4(a)(5) 1979 Advisory Committee

1.  Plaintiff has yet to receive a copy of the notice    of appeal from the government.

Note. *See also Consolidated Freightways Corp. of Delaware v. Larson,* 827 F.2d 916, 918 n. 3 (3d Cir.1987). Therefore, the court should allow the instant motion only if plaintiff meets the standard of excusable neglect.

At the outset, the court notes that "because timely filing of an appeal affects jurisdiction of the appellate court, the requirements of Rule 4(a)(1) have long been treated as especially rigid." *Cleek Aviation v. United States,* 20 Cl.Ct. 766, 768 (1990). Excusable neglect is limited to "unique and extraordinary circumstances," and it is a rare situation that will meet this exacting standard. *Reinsurance Co. of Am. v. Administratia Asigurarilor de Stat,* 808 F.2d 1249, 1251–52 (7th Cir.1987). The district court retains discretion to determine what constitutes "extraordinary circumstances," *Prestex, Inc. v. United States,* 4 Cl.Ct. 14, 17 n. 4 (1983), but in the Federal Circuit, mistake of counsel, without more, apparently is not enough. *Cleek Aviation,* 20 Cl.Ct. at 768; *Diliberti v. United States,* 4 Cl.Ct. 505, 506 (1984).

■ The court thinks it clear that plaintiff's failure to file timely its notice of cross-appeal was not due solely, if at all, to mistake of plaintiff's counsel. Plaintiff's counsel was, in fact, diligent in trying to ascertain whether the government had appealed, having twice called the clerk of the Claims Court to ask if it had received notice of an appeal, and been twice told no. While the clerk was not incorrect in this information—it had not received the notice of appeal by the rule mandated deadline—the information that the government had not appealed itself was incorrect because defendant improperly filed its notice. At least one circuit has let stand a finding of excusable neglect where the party, in good faith, "relied on actions and representations of the district court or its officers, and consequently failed to file a timely notice of appeal." *Redfield v. Continental Casualty Corp.,* 818 F.2d 596, 601–02 (7th Cir.1987) (where the clerk entered the order under an incorrect case number thereby preventing appellant from learning that the order had been entered).

The court believes that the present circumstances are sufficiently analogous to *Redfield* to support a finding of excusable neglect. Plaintiff specifically called the clerk's office after the deadline for the government to appeal had expired and was told that no notice of appeal had been received. Plaintiff should not be expected to anticipate, and should not be penalized for the fact that government counsel, who regularly practices in the Claims Court, mistakenly filed the notice in the wrong court. Similarly, plaintiff should not be deemed at fault for the fact that the notice of appeal did not get to plaintiff until four days after plaintiff's deadline had expired, even though the clerk's office sent out the notice as soon as it was received. The actions causing plaintiff's late notice of cross-appeal were entirely outside plaintiff's control. This is not a simple case of counsel misreading the rules, *Parke–Chapley Constr. Co. v. Cherrington,* 865 F.2d 907, 913 (7th Cir.1989), or miscalculating a deadline, *Danna v. United States,* No. 83–1083 slip op. (Fed.Cir. Nov. 7, 1983) (summarily dismissing a Claims Court decision holding that miscalculating the deadline to file an appeal constituted excusable neglect). Instead, the court believes that this case presents truly "unique and extraordinary circumstances."

## CONCLUSION

"A petition for reconsideration should be based upon manifest error of law or mistake of fact … and is not intended to give an unhappy litigant an additional chance to sway the judge." *Weaver–Bailey Contractors, Inc. v. United States,* 20 Cl.Ct. 158 (1990) (citations omitted). However, in this instance, the court has decided to modify the Order of November 21, 1990, which denied plaintiff's motion for an enlargement of time in which to file a notice of cross-appeal. It is clear to the court that plaintiff's failure to file timely its cross-appeal was due to excusable neglect at the worst, and at best, to no fault of its own.

After consideration of the above, the court is of the opinion that it should allow plaintiff's motion for reconsideration. Accordingly, the November 21, 1990 Order denying plaintiff's motion for an enlargement of time in which to file a cross-appeal is vacated. That motion is allowed. The Clerk of the court is directed to enter an order accordingly.

IT IS SO ORDERED.