**David L. HOWARD, Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**No. 90–321C.**

United States Claims Court.

March 1, 1991.

David L. Howard, Gary, Ind., pro se.

Julie A. Helitzer, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

MOODY R. TIDWELL, III, Judge.

## ORDER

This case is before the court on plaintiff's motion to proceed *in forma pauperis*, and his motion for an extension of time to file a notice of appeal based on excusable neglect, or good cause. Defendant opposed the motion for an extension of time. For the reasons set forth below, the court denies both of plaintiff's motions.

## FACTS

On September 26, 1990, this court dismissed plaintiff's complaint for failure to state a claim. On October 4, 1990, plaintiff filed a motion for rehearing and reconsideration which the court denied. The Clerk of the court entered judgment on October 30, 1990. Under Fed.R.App.P. 4(a)(1), plaintiff had 60 days to file a notice of appeal.[1] Plaintiff states that he posted his notice on December 26, 1990, and that U.S. Postal Service employees assured him that the "customary, ordinary, reasonable, and anticipated" delivery time between Gary, Indiana, and Washington, D.C., is three days, and that this "is *the* standard expectation" notwithstanding the Christmas rush. Plaintiff further claims that he intentionally waited until December 26 "for

the express purpose of avoiding all such seasonal delays." Nevertheless, the Clerk's office did not receive plaintiff's notice of appeal until January 2, 1991, and therefore returned it to plaintiff unfiled. Plaintiff offers no other explanation for his late notice of appeal. On January 11, 1991, the Clerk's office received plaintiff's motion for an extension of time in which to file an appeal, and his motion to appeal *in forma pauperis* now before the court.

## DISCUSSION

Federal Rule of Appellate Procedure 4(a)(5) grants the trial court the authority to extend the time for filing an appeal based on excusable neglect or good cause. Good cause applies only to those instances in which the party makes its request for an extension within the original time period for taking the appeal. *See* Fed.R.App.P. 4(a)(5) 1979 Advisory Committee Note; *see also Cleek Aviation v. United States*, 20 Cl.Ct. 766, 768 (1990); *Prestex, Inc. v. United States*, 4 Cl.Ct. 14, 16 n. 1 (1983). Therefore, the court should allow the instant motion only if plaintiff meets the standard of excusable neglect.

Because timely filing of a notice of appeal affects appellate court jurisdiction, courts long have treated the time requirements of Rule 4(a)(1) as especially rigid. *Cleek Aviation*, 20 Cl.Ct. at 768 (citing *In re O.P.M. Leasing Servs., Inc.*, 769 F.2d 911, 916 (2d Cir.1985)). Rigid adherence to the Rule is important in order "to set a definite point in time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands...." *Browder v. Director, Dep't of Corrections of Ill.*, 434 U.S. 257, 264, 98 S.Ct. 556, 560–611, 54 L.Ed.2d 521, *reh'g denied*, 434 U.S. 1089, 98 S.Ct. 1286, 55 L.Ed.2d 795 (1978) (citations omitted). Therefore, excusable neglect is limited to unique and extraordinary circumstances. *Reinsurance Co. of Am., Inc. v. Administratia Asigurarilor de Stat*, 808 F.2d 1249,

---

1. 60 days from October 30 is December 29, which, in 1990, fell on a Saturday. Therefore, the notice of appeal was not due until the following Monday, or December 31.

1251–52 (7th Cir.1987). Although the trial court retains discretion to determine what constitutes extraordinary circumstances, *Prestex, Inc.*, 4 Cl.Ct. at 17 n. 4, few situations will meet this exacting standard. *Cleek Aviation,* 20 Cl.Ct. at 768.

The party requesting the extension bears the burden of demonstrating circumstances sufficiently unique to qualify as excusable neglect. *Id.* Here, plaintiff has failed utterly to make that demonstration. Even assuming that this court were inclined to allow the motion based on Postal Service representations that plaintiff had mailed the notice enough in advance to reach the Clerk's office by December 31, plaintiff has provided the court with no evidence, such as a postmarked envelope, indicating that he mailed the letter on the date he claims.[2] However, that omission becomes irrelevant in light of the fact that in this jurisdiction, postal delays do not constitute excusable neglect. *Penrod Drilling Co. v. United States,* 925 F.2d 406 (Fed.Cir.1991); *Cleek Aviation v. United States,* 22 Cl.Ct. 260 (1991); *Northwest Commercial Fishermen's Fed. Recovery Ass'n v. United States,* 5 Cl.Ct. 745 (1984).

A party who elects to send its notice by regular mail assumes the risk of possible delay. *Penrod,* at 408. "Mail deliveries by the Postal Service not infrequently are delayed, and it is not unheard of that dispatched mail is not delivered at all." *Id.* Plaintiff's absolute reliance on alleged Postal Service assurances that the normal expected delivery time for first class mail is three days was entirely unreasonable in the face of a deadline as important as this.[3] Plaintiff's assertion that every other mailing in this case between Washington, D.C., and Gary, Indiana, after December 26, 1990, reached its destination within three days is irrelevant, and proves nothing more than that three days is ordinary. Nobody disputes that fact. However, anyone familiar with the United States Postal Service, as plaintiff claims he is, realizes that three pieces of mail delivered within the "standard" delivery time in no way reasonably guarantees that the fourth piece of mail also will be delivered in three days.

Plaintiff's logic in waiting until December 26 to mail the notice in order to avoid the holiday rush completely escapes the court. December 26 is hardly far enough removed from the heart of the holiday season for anyone reasonably to believe that all postal delays suddenly would cease. More importantly, the generally accepted method of compensating for holiday postal delay is to mail correspondence *earlier,* not later. Plaintiff's method most kindly can be described as imprudent, and in no way even approaches circumstances that are unique or extraordinary.

Plaintiff would have the court examine his motions under a "good faith" standard. While the court agrees that that is the correct standard for ruling on a motion to appeal *in forma pauperis,* 28 U.S.C. § 1915(a) (1990), the court need not reach that determination unless plaintiff timely filed the notice of appeal. Contrary to plaintiff's interpretation of *Cleek Aviation,* strict adherence to the Rule 4(a)(1) 60 day time limit is not to punish an "unreasonable and pre-existing negligent Plaintiff." Rather, finding excusable neglect under the circumstances present here "would frustrate and circumvent Rule 4(a)'s purpose of insuring finality of judgment." *Diliberti v. United States,* 4 Cl.Ct. 505, 507 (1984).

## CONCLUSION

Plaintiff did not allow sufficient time for his notice of appeal to reach Washington, D.C., from Gary, Indiana. That mail should take longer than four days to cross

---

**2.** Plaintiff points to the date on the notary public seal as proof that he mailed his notice of appeal on December 26, 1990. The seal, however, proves nothing more than the date on which plaintiff had the document notarized. It does not necessarily follow that that is the date on which plaintiff *mailed* the notice, and the court will not view it as evidence of such.

**3.** The court notes that, even according to plaintiff's version, these assurances were by no means guarantees. Expressions such as "ordinary," "customary," "reasonable," "anticipated," and "standard" do not denote absolutes and, in fact, indicate that deviation is possible.

half the country during the Postal Service's busiest time of the year is not unusual, much less unique or extraordinary. Plaintiff has failed to demonstrate excusable neglect, and accordingly, his motion for an extension of time in which to file an appeal is denied. Plaintiff's motion for leave to appeal *in forma pauperis* therefore is moot.

IT IS SO ORDERED.