Ltc. Oliver D. ULMET, Plaintiff,

v.

UNITED STATES, Defendant.

No. 470–85C.

United States Claims Court.

Aug. 24, 1990.

John W. Toothman, Alexandria, Va., for plaintiff.

John S. Groat, Washington, D.C., atty. of record, with whom was Stuart M. Gerson, Asst. Atty. Gen., and David M. Cohen, Director, for defendant.

## ORDER

HORN, Judge.

Once again, this case is before the court, this time pursuant to "Plaintiff's Motion For Extension Of Time To File Notice Of Appeal." Plaintiff's original notice of appeal was received by the Clerk's Office of the United States Claims Court late, on May 10, 1990. Due to the plaintiff's failure to comply with the filing deadlines, as prescribed by Rule 4 of the Federal Rules of Appellate Procedure, the plaintiff's papers were returned unfiled to the plaintiff's counsel by the Clerk of the Court. Subsequently, on June 5, 1990, the plaintiff filed "Plaintiff's Motion for Extension of Time to File Notice of Appeal," which is the subject of this Order, and the Clerk of the United States Claims Court forwarded the motion to this Judge for review.

Plaintiff, in his motion, argues that his notice of appeal was not late; and, in the alternative, argues that if the notice was filed late, it was late as a result of excusable neglect within the meaning of Rule 4(a)(5) of the Federal Rules of Appellate Procedure. The plaintiff submits that this court should grant an extension of time in which the plaintiff can file a notice of appeal.

After a careful review of the record and the relevant case law, this court concludes that the facts do not support the plaintiff's claim that his notice was not late, nor do the facts demonstrate excusable neglect on the part of plaintiff's counsel. Therefore, in accordance with the applicable law and the relevant precedent, the plaintiff's motion is, hereby, DENIED.

## FACTS

After a protracted administrative history and extensive, prior litigation aimed at resolving the factual and legal issues in the case, on February 22, 1990, this court issued its most recent Order,[1] which addressed the one remaining question in the case—computation of the actual net dollar value of LTC. Ulmet's award, which was based on the formula determined by this court's earlier decisions. On February 28, 1990, the Clerk of the Court entered the Judgment pursuant to the court's February 22, 1990 Order.[2]

---

1. *Ulmet v. United States,* 19 Cl.Ct. 527 (1990).

2. The lengthy and tortured history of this case is more fully presented in the following: Judge Miller's original decision in this case at the trial level, *Ulmet v. United States,* 10 Cl.Ct. 522 (1986); the reversal and remand to this court by the United States Court of Appeals for the Federal Circuit, *Ulmet v. United States,* 822 F.2d 1079 (Fed.Cir.1987); the Order of the Chief Judge of the United States Claims Court, vacating Judge Miller's original decision, issued on September 23, 1987; and the Opinion of this court, dated July 25, 1989, *Ulmet v. United States,* 17 Cl.Ct. 679 (1989), in which this court denied defendant's motion to dismiss and granted, in part, plaintiff's requested relief. The procedural history directly related to setting the appropriate quantum for damages, which oc-

curred following the issuance of the court's July 25, 1989 Opinion, is set out more fully in the February 22, 1990 decision of this court, *Ulmet v. United States,* 19 Cl.Ct. 527 (1990). The procedural history included in today's Order, therefore, is but a fragment of the total and represents only those filings and events which have occurred since the issuance of this court's February 22, 1990 Order. It is noteworthy that throughout this case, the attorneys have had considerable difficulty working with each other, due in part to plaintiff's counsel's frequent accusations of bad faith on the part of defendant's counsel, and innuendoes by plaintiff's counsel of how he and his client have been mistreated by defendant's counsel and by the courts. There have also been numerous requests for extensions of time to file pleadings requested by

On March 27, 1990, plaintiff filed "Plaintiff's Petition For Fees and Costs" requesting costs and attorney's fees, together with a "Bill of Costs." On April 10, 1990, the defendant filed "Defendant's Motion To Stay Proceedings." The defendant's motion requested "the Court to stay further proceedings and to suspend any obligation defendant has to respond to plaintiff's March 23, 1990 Petition for Fees and Costs, to and including 30 days after there is a final nonappealable judgment."[3] The defendant indicated that:

> In the interests of judicial efficiency, however, we have not moved to dismiss the application, but merely move to stay our obligation to respond to and including 30 days after there is a final nonappealable judgment.
>
> For the reason above, the Court should stay any obligation defendant has to respond, to and including 30 days after there is a final nonappealable judgment.

On April 10, 1990, the court scheduled a status conference for May 10, 1990. In the Scheduling Order, the court indicated that the status conference was set pursuant to the "Defendant's Motion To Stay Proceedings" and to allow "time for responsive filings permitted under the Rules of United States Claims Court...." In that brief Order, the court never gave either party any reason to believe that the requirements for filing timely notices of appeal, as provided for in the Federal Rules of Appellate Procedure, had in any way been altered or waived.

In response to the defendant's motion to stay proceedings, on April 16, 1990, the plaintiff filed "Plaintiff's Opposition to Motion to Stay Proceedings." In that document, the plaintiff states his understanding of the defendant's April 10, 1990, motion to stay proceedings as follows:

> First, LTC. Ulmet would note for the Court that, although the title of the Army's pleading is extremely broad and would imply that *all* proceedings should

be stayed, all the Army is requesting is a stay of its obligation to respond to the petition for fees and costs filed by plaintiff on March 23, 1990. This will not, therefore, postpone the Army's deadline for filing its notice of appeal, if any.

> Second, as was previously discussed with Mr. Groat on behalf of the United States, LTC. Ulmet understands the position being taken by the Army with regard to 28 U.S.C. Sec. 2412. In the case of *Wilson v. United States*, No. 484–87C, (Cl.Ct.), the Court previously entered a similar stay on the obligation of the United States to respond to the fee petition filed in that action. Based upon these events, LTC. Ulmet understands why a stay has been sought, but he cannot consent to the entry of the stay.

Moreover, in his "Opposition to Defendant's Motion to Stay Proceedings," plaintiff's counsel also explained to the court that the defendant's stay request will not "postpone the Army's deadline for filing it's notice of appeal, if any." Plaintiff's counsel's own representations to the court suggest that he understood that the defendant's requested stay was limited to the defendant's obligation to respond to the plaintiff's petition for fees and costs.

On April 25, 1990, the defendant filed the "Defendant's Notice of Appeal," which stated that the "defendant appeals the Court's February 28, 1990 judgment to the United States Court of Appeals for the Federal Circuit."

On April 26, 1990, the defendant filed "Defendant's Reply to Plaintiff's Opposition to Defendant's Motion To Stay Proceedings." Referring to plaintiff's application for attorney's fees and costs, the defendant states:

> While LTC Ulmet now opposes our motion for a stay, he fails to address our contention that, because the time has not run within which defendant may file a notice of appeal, *see* 28 U.S.C. § 2107;

both parties in this case, after the case was remanded to this court.

**3.** The court notes that the defendant states in his papers that "Plaintiff's Petition for Fees and

Costs" was filed on March 23, 1990, however, March 23, 1990 is the "service" day, March 27, 1990 is the actual date of filing stamped by the Clerk's Office.

RUSCC 72, his application is premature and, accordingly, we have no obligation to respond.

Furthermore, the defendant argues that: As to LTC Ulmet's application for costs, he elected to submit his bill of costs as a part of his application for attorney fees and expenses and we responded accordingly. We have no objection to the Court severing that bill of costs from his application for attorney fees, although we do not believe any purpose would be served in doing so. Because LTC Ulmet apparently claims costs and fees incurred in other civil actions a ruling by the Court upon whether the costs were incurred in other actions is necessarily[sic] prior to determining which costs may be allowable.

The defendant concludes that the court should stay the defendant's obligation to respond to plaintiff's application or, in the alternative, sever plaintiff's bill of costs, allow the defendant to respond, and dismiss the remainder of the plaintiff's application.

The scheduled status conference was held on May 10, 1990 to discuss the "Defendant's Motion to Stay Proceedings," the "Plaintiff's Opposition to Motion to Stay Proceedings," and the "Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Stay Proceedings." At the May 10, 1990 status conference, the court granted the "Defendant's Motion to Stay Proceedings" "until defendant's appeal of this court's Opinion, dated February 22, 1990 and Judgment dated February 28, 1990 is complete." In addition, the court ordered the plaintiff and the defendant jointly to file quarterly status reports.

On May 10, 1990, the same day as the date of the aforementioned status conference, the Clerk's Office received the plaintiff's notice of appeal. The Clerk of the United States Claims Court, however, returned the plaintiff's submission unfiled because of the plaintiff's failure to properly comply with the Rules of Appellate Procedure and the Rules of the United States Claims Court. On June 5, 1990, the plaintiff filed "Plaintiff's Motion for Extension of Time to File Notice of Appeal," which is the subject of this Order. Therein, the plaintiff moved "for a one-day extension of time, to May 10, 1990, for the filing of a notice of cross-appeal...."[4] Counsel explains that he "filed his notice on May 10, 1990, the same date as this Court's last status conference and the same date the Court ruled upon the Army's then pending motion to stay...." Plaintiff's counsel maintains that his notice to file an appeal, "while perhaps premature, was not late" because he believed that "the Army's motion and the Court's immediate response was intended to and had stayed all proceedings pending the Court's ruling on the motion at the status conference ordered for May 10." Alternatively, plaintiff's counsel notes that Rule 4(a)(5) of the Federal Rules of Appellate Procedure permits late filing of notices of appeal where there is "excusable neglect." He argues that the events in this case place the instant case within the meaning of excusable neglect as provided for in Rule 4(a)(5), particularly since the plaintiff's counsel assumed that the defendant's filing of a motion to stay the proceedings, without any court action thereon, served to stay all the proceedings connected with this case.

In response to plaintiff's filing, on June 22, 1990, the defendant filed the "Defendant's Response in Opposition to Plaintiff's Motion for an Extension of Time Out of Time to File a Notice of Appeal." The defendant argues that the record contradicts LTC. Ulmet's counsel's contention

---

**4.** To date, however, the plaintiff and his counsel still have not filed the correct, required filing fee. Rule 77(k)(2) of the Rules of the United States Claims Court, which provided that the fee for filing a notice of appeal is "$70.00 (including $5.00 for notice of appeal and $65.00 Court of Appeals filing fee," was revised. On April 20, 1987, General Order No. 14 was issued and effective May 1, 1987, Rule 77(k)(2) was amended so that the filing fee for a notice of appeal now is "$105.00 (including $5.00 notice of appeal and $100.00 Court of Appeals fee)." To date, the plaintiff has not submitted the proper fee, but has sent in two separate checks for $70.00. It is unclear as to why plaintiff's counsel submitted his fees as he did, but it may be that they were filed in accordance with the pre–1987 rule change.

that counsel was confused by defendant's filing of its April 10, 1990 stay motion, and that the:

Record convincingly demonstrates that [defendant's] our April 10, 1990 motion did not cause LTC Ulmet the slightest bit of confusion concerning what that motion requested, even if there had been any confusion the effect of the filing of our April 10, 1990 *motion*, LTC Ulmet offers no explanation for his continued misunderstanding when the Court filed our notice of appeal on April 25, 1990, the clerk then forwarded the case to the Court of Appeals for the Federal Circuit, and the Court of Appeals docket for the Federal Circuit docketed that appeal.

On June 22, 1990, the plaintiff filed "Plaintiff's Reply to Opposition to Motion for Extension of Time to File Notice of Appeal." In that filing, the plaintiff urges that the defendant's argument that the plaintiff was not mistaken as to the stay motion was incorrect, and that in reality the plaintiff really misunderstood the import of the Army's stay motion. Accordingly, the plaintiff states that:

The Court's immediate action pursuant to the Army's motion to stay, however was subject to reasonable misunderstanding, and there is nothing in the record, properly and fairly viewed, that shows that LTC. Ulmet's counsel did not misunderstand the Court's action.

On July 23, 1990, the defendant filed a motion to bring additional authority, to the court's attention, which was granted on September 23, 1990. In addition, on August 9, 1990, the court received the parties' "Joint Status Report."

### DISCUSSION

Rule 4(a)(1) of the Federal Rules of Appellate Procedure, which covers claims in which the United States is a party, states that a notice of appeal must be filed within 60 days from the date of entry of judgment. In pertinent part, Rule 4(a)(1) of the Federal Rules of Appellate Procedure, provides as follows:

[I]f the United States or an officer or agency thereof is a party, the notice of

appeal may be filed by any party within 60 days after such entry. If a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and transmit it to the clerk of the district court and it shall be deemed filed in the district court on the date so noted.

Fed.R.App.P. 4(a)(1).

Rule 4(a)(3) of the Federal Rules of Appellate Procedure also permits a party to file its appeal within 14 days after the date on which the first notice of appeal was filed, or within the original time prescribed under Rule 4(a) of the Federal Rules of Appellate Procedure, whichever period is greater. Specifically, Rule 4(a)(3) provides as follows:

If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days after the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period last expires.

Fed.R.App.P. 4(a)(3).

The requirement to file a timely notice of appeal is "mandatory and jurisdictional." *Browder v. Department of Corrections of Illinois*, 434 U.S. 257, 264, 98 S.Ct. 556, 560–61, 54 L.Ed.2d 521 *reh'g denied*, 434 U.S. 1089, 98 S.Ct. 1286, 55 L.Ed.2d 795 (1978) (citations omitted). According to the Supreme Court:

The purpose of the rule is clear: It is 'to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands....'

434 U.S. at 264, 98 S.Ct. at 561 (citations omitted).

Rule 4(a)(5) of the Federal Rules of Appellate Procedure does, however, go on to provide the trial level court with discretion, when considering a party's motion for an extension of time to file a notice of appeal, in cases in which a party supports such a motion with a showing of a sound reason

for the need for additional time. Rule 4(a)(5) states as follows:

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

Fed.R.App.P. 4(a)(5).

The Practice Note to Rule 4, titled "Appeal as of rights—When taken" of the Rules of Practice before the United States Court of Appeals for the Federal Circuit (effective June 1, 1990), provides a handy reference table of time deadlines for each of the court's from which appeals go to the United States Court of Appeals for the Federal Circuit, preceded by a cautionary note that: "This table is provided only as a convenience to counsel who should refer to the statutes and case law before determining the period available for taking an appeal." The practice comment which follows, titled *"Untimely notice of appeal"* plainly states, "The Court [United States Court of Appeals for the Federal Circuit] is not empowered to waive the untimely filing of a notice of appeal."

The key provision at issue in the case at bar, Rule 4(a)(5) of the Federal Rules of Appellate Procedure, would appear to allow extensions of time for filing a notice of appeal on a showing of either good cause or excusable neglect, even when the motion is made after the deadline has passed.

Since Rule 4(a)(5) provides a discretionary test for the trial court to apply, the court looked for additional guidance to the Notes of the Advisory Committee on Appellate Rules on Rule 4. The Notes state as follows:

The present rule requires a 'showing of excusable neglect.' While this was an appropriate standard in cases in which the motion is made after the time for filing the notice of appeal has run, and remains so, it has never fit exactly the situation in which the appellant seeks an extension before the expiration of the initial time. In such a case "good cause," which is the standard that is applied in the granting of other extensions of time under Rule 26(b) seems to be more appropriate.

Fed.R.App.P. 4(a)(5) advisory committee notes. Based on the Advisory Committee Notes to the 1979 Amendment to the Federal Rules of Appellate Procedure, the good cause standard applies only to motions for extensions of time to file notices of appeal made prior to the expiration of the filing period, while the standard of excusable neglect applies to those motions for extensions of time made after the original filing period has expired.

An analysis of the precedent in the Federal Circuit Courts of Appeals and the United States Claims Court indicates that the majority of the Federal Circuit Courts, as well as the Claims Court, have held that "once the time for filing a notice of appeal has expired, the good cause standard is no longer applicable. *Borio v. Coastal Marine Constr. Co.*, 881 F.2d 1053, 1055 (11th Cir.1989); *Parke–Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 909–10 (7th Cir. 1989); *650 Park Avenue Corp. v. McRae*, 836 F.2d 764, 766 (2d Cir.1988); *Consolidated Freightways Corp. v. Larson*, 827 F.2d 916, 918 (3d Cir.1987) *cert. denied*, 484 U.S. 1032, 108 S.Ct. 762, 98 L.Ed.2d 775 (1988); *Oregon v. Champion Int'l. Corp.*, 680 F.2d 1300, 1301 (9th Cir.1982); *Cleek Aviation v. United States*, 20 Cl.Ct. 766 (1990); *Prestex, Inc. v. United States*, 4 Cl.Ct. 14, 16 (1983), *motion to vacate denied, reconsideration granted; decision reaffirmed*, 4 Cl.Ct. 317 (1984), *aff'd*, 746 F.2d 1489 (Fed.Cir.1984) (a case in which counsel filed one day late and claimed miscalculation of the dates was caused by med-

ication he was taking).[5] *But see Scarpa v. Murphy*, 782 F.2d 300, 301 (1st Cir.1986) (which in dicta, identified by the court as a housekeeping note, indicates that the good cause standard applies even after expiration of the filing period).

In the case at bar, the plaintiff's and/or the defendant's notice of appeal was due 60 days from the date of the judgment, which was issued on February 28, 1990. Sixty days from the date of judgment would have been April 29, 1990, however, because April 29, 1990 was a Sunday, the parties had until April 30, 1990 to file a notice of appeal, according to Rule 4(a)(1) of the Federal Rules of Appellate Procedure. Because the defendant filed its notice of appeal on April 25, 1990, however, according to Rule 4(a)(3) of the Federal Rules of Appellate Procedure, the plaintiff had additional time, or 14 days from April 25, 1990, until May 9, 1990, to file a notice of appeal.

Because the plaintiff in this case filed "Plaintiff's Notice of Appeal" late, it was returned unfiled to the plaintiff by the Clerk's Office. Plaintiff then filed "Plaintiff's Motion for Extension of Time to File Notice of Appeal," but filed that motion only on June 5, 1990, almost a full month after the earlier attempt to file a notice of appeal had been returned, unfiled, by the Clerk of the Court.

■ Since the plaintiff filed his notice of appeal after the time for filing had passed, the applicable standard to be applied by the court in analyzing the motion for enlargement of time to file his notice of appeal is excusable neglect. The test of what constitutes excusable neglect is a strict one. *See Oregon v. Champion Int'l Corp.*, 680 F.2d 1300, 1301 (9th Cir.1982); *Cleek Aviation v. United States*, 20 Cl.Ct. 766 (1990). Because the timely filing of a

notice of appeal in accordance with Rule 4(a) of the Federal Rules of Appellate Procedure affects the jurisdiction of the appellate court, the time requirements of Rule 4(a)(1) "have long been treated as especially rigid." *See In re OPM Leasing Services, Inc.*, 769 F.2d 911, 916 (2d Cir.1985). Excusable neglect is limited to "unique and extraordinary circumstances," and few situations will qualify as such. *Reinsurance Co. of America, Inc. v. Administration*, 808 F.2d 1249, 1251–52 (7th Cir.1986); *Diliberti v. United States*, 4 Cl.Ct. 505, 506 (1984). Moreover, an appeal in which the notice of appeal was permitted to be filed late, based upon excusable neglect, was intended to apply only to those "extraordinary cases where injustice would otherwise result." *Oregon v. Champion Int'l Corp.*, at 1301 (citing *In re Estate of Butler's Tire & Battery Co.*, 592 F.2d 1028, 1034 (9th Cir.1979) ((quoting Advisory Committee Notes to 1966 Amendment to Fed.R.Civ.P. 73))).

■ Although to be strictly construed, what constitutes excusable neglect depends on the circumstances of each case. *Cleek Aviation v. United States*, 20 Cl.Ct. 766 1990 (1990); *Prestex, Inc. v. United States*, at 16 (1983). Mere inadvertence or mistake of counsel does not constitute excusable neglect. *See Oregon v. Champion Int'l Corp.*, 680 F.2d 1300, 1301 (9th Cir.1982) (citations omitted); *Chipser v. Kohlmeyer and Co.*, 600 F.2d 1061, 1063 (5th Cir.1979); *Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, at 411 (1st Cir.1976). The Court of Appeals for the Federal Circuit apparently is in agreement with those circuits which hold that a mistake of counsel, without more, will not constitute excusable neglect. *See Danna v. United States* (No. 83–1033) (Fed.Cir.1983);[6] *Prestex*, 4 Cl.Ct.

---

**5.** See footnote 6 for a more complete analysis of the Federal Circuit's treatment of *Danna v. United States*, No. 83–1083 (August 17, 1983, September 1, 1983, and November 7, 1983), which is also in agreement with the majority of the circuits that the applicable standard is "excusable neglect."

**6.** The United States Court of Appeals for the Federal Circuit addressed the mistake of counsel issue in an often cited, and factually similar,

case to the one at bar, when it considered *Danna v. United States*, No. 83–1033 (Fed.Cir. Aug. 17, 1983, Sept. 1, 1983, Nov. 7, 1983). On each of these cases, the Federal Circuit issued unpublished decisions, each of which is a matter of public record. The court found that the mistake of counsel does not constitute excusable neglect. In *Danna v. United States*, No. 106–79C (Cl.Ct., June 17, 1983) (also an unpublished order, and also a matter of public record), the

at 17, *aff'd* 746 F.2d 1489 (Fed.Cir.1984). In the Claims Court, the *Prestex* court construed excusable neglect in accordance with the Federal Circuit's holding in *Danna*, which it cited, and held that mistake of counsel does not constitute excusable neglect. *Prestex*, at 19–20. In addition, the *Diliberti* court held that an attorney's error in interpreting the rules was insufficient to constitute excusable neglect, and found that the mistake of counsel did not constitute an "emergency situation" nor would injustice otherwise result, noting that "extending the excusable neglect standard to include mistake of counsel would frustrate and circumvent Rule 4(a)'s purpose of insuring finality of judgment." 4 Cl.Ct. at 506 (citations omitted).

> United States Claims Court, per Judge Spector, found that counsel's error in computing the deadline for filing a notice of appeal constituted excusable neglect. Plaintiff's counsel in *Danna* mistakenly believed that Rule 6(c) of the Rules of the United States Claims Court and Rule 26(c) of the Federal Rules of Appellate Procedure applied to the filing of a notice of appeal under Federal Rule of Appellate Procedure 4(a)(1). On appeal, the government in *Danna* challenged the Claims Court's allowance of the filing of the notice of appeal out of time. The respondent, on appeal, argued that the mistake of counsel does not rise to the level of excusable neglect. The United States Court of Appeals for the Federal Circuit, per Chief Judge Markey, agreed with the respondent and, without opinion, endorsed the respondent's motion on August 17, 1983. *Danna*'s counsel then filed a Motion to Reconsider, which on September 1, 1983, the Federal Circuit granted, but reaffirmed the previous Federal Circuit Order dismissing the appeal. A mandate thereon was issued on September 9, 1983, and filed on September 13, 1983. Subsequently, *Danna*'s counsel filed a Motion to Vacate the Mandate and to Reconsider In Banc. On November 7, 1983, the Federal Circuit denied the motion and noted:
>
>> (1) the substantial identity of *Danna*'s arguments with those earlier submitted; (2) the jurisdictional nature of the Notice of Appeal, FRAP 3(a); (3) this court's agreement, as reflected in its earlier orders in this appeal, with Respondent's position that abuse of discretion lies in interpretation of counsel's mistake as excusable neglect; (4) the applicability of the authorities cited in support of Respondent's Motion for Dismissal; and (5) failure of the Motion to Reconsider In Banc to comply with FRAP 35, it is hereby ORDERED THAT:
>>> The motion is denied.
>
> The *Danna* case history indicates, as a matter of public record, albeit the Opinions remain

■ In the case at bar, the facts do not indicate that any unique or extraordinary circumstance caused the delay in filing the notice of appeal. It was the plaintiff's, or more specifically, plaintiff's counsel's, alleged misjudgment of the impact of the defendant's stay motion which caused the delay.[7] Plaintiff's counsel mistakenly claims that the mere filing by the defendant of a stay motion, coupled with the scheduling of a status conference by the court, also stayed this requirement to file a timely notice of appeal on behalf of his client, LTC. Ulmet. This argument is completely without merit and makes little logical sense, in that the natural outcome of plaintiff's argument would be that because the court, in fact, granted defendant's re-

> unpublished and, therefore, are not clear precedent, that the United States Court of Appeals for the Federal Circuit has determined that the mistake of counsel, in and of itself, does not rise to the threshold level required by the excusable neglect standard.

7. The court seriously questions the nature of plaintiff's counsel's alleged confusion. On at least two separate occasions, in his April 16, 1990 opposition to the defendant's stay motion, and at the May 5, 1990 status conference, plaintiff's own words lead one to believe that he understood the lack of impact of defendant's stay motion on the time deadlines by which the parties had to file an appeal. In pertinent part, plaintiff's opposition states:

> First, LTC. Ulmet would note for the Court that, although the title of the Army's pleading is extremely broad and would imply that all proceedings should be stayed, all the Army is requesting is a stay of its obligation to respond to the petition for fees and costs filed by plaintiff on March 23, 1990. This will not, therefore, postpone the Army's deadline for filing its notice of appeal, if any.
>
> Second, as was previously discussed with Mr. Groat on behalf of the United States, LTC. Ulmet understands the position being taken by the Army with regard to 28 U.S.C. sec. 2412. In the case of *Wilson v. United States*, No. 484–87C, (Cl.Ct.), the Court previously entered a similar stay on the obligation of the United States to respond to the fee petition filed in that action. Based upon these events, LTC. Ulmet understands why a stay has been sought, but he cannot consent to the entry of the stay.

At the May 5, 1990 status conference, in front of the Judge, plaintiff's counsel represented to the court that "[w]e have a judgment that's been appealed."

quest to stay further action in the United States Claims Court, the plaintiff would be under no deadline requirement to file a notice of appeal in this case at any time prior to when the court lifts the stay of defendant's obligation to reply to plaintiff's fee and cost petition, granted on May 10, 1990.

Additionally, if the plaintiff's counsel really was confused as to the impact of the defendant's stay motion, counsel in no way expressed any such misunderstanding to the court or made any inquiries. If in fact the plaintiff's attorney was confused, he could have attempted to clarify any questions by calling the Clerk's Office of the United States Claims Court, the defendant's counsel, the Judge's Chambers to speak with the law clerk or request a conference with the court and defendant's counsel. Plaintiff's counsel, however, failed to take any action, even after being put on notice that the clock was ticking when the defendant filed its notice of appeal on April 25, 1990.

Under Rule 4(a)(5) of the Federal Rules of Appellate Procedure and the applicable law, it is the plaintiff's affirmative burden to demonstrate excusable neglect. *See Craig v. Garrison*, 549 F.2d 306, 307 (4th Cir.1977); *Cleek Aviation v. United States*, 20 Cl.Ct. 766 (1990); *Prestex v. United States*, 4 Cl.Ct. at 18 (1983). The test is not whether there is anything in the record to show that LTC Ulmet's counsel did not misunderstand the court's action, as plaintiff's counsel would have us believe. Plaintiff's counsel's mere claim to have misunderstood or to have been confused, does not come close to meeting the "excusable neglect" standard, as established by the Federal Rules of Appellate Procedure, and elaborated upon by the Circuit Courts of Appeals.

Fortuitously for the plaintiff, however, despite the failure of plaintiff's counsel to file a timely notice of appeal, harm to this plaintiff by the acts of his counsel will be diminished. LTC. Ulmet will still have an opportunity to urge his perspective of the case in the United States Court of Appeals for the Federal Circuit. Because the defendant did docket an appeal, the plaintiff will be able to file briefs in response to the pleadings the defendant files in the appellate court. To be sure, the defendant, who did file the timely notice of appeal, will have the opportunity to frame the nature of the appeal,[8] but such is the unfortunate result of the inefficiencies of plaintiff's counsel, and his disregard for the published and clear time deadlines established by the courts for filing notices of appeal.

Accordingly, plaintiff's "Motion for Extension of Time to File Notice of Appeal" is, hereby, DENIED.

---

**8.** In accordance with the Practice Note included in the Rules of Practice before the United States Court of Appeals for the Federal Circuit (effective June 1, 1990) "Any other party in the trial court [to include the United States Claims Court as defined in the Comment to Rule 1 of the same Rules of Practice] not filing a notice of appeal may participate in the appeal as an appellee but may not seek to overturn or to modify the judgment."