**CLEEK AVIATION, an Oklahoma corporation, Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**No. 426–88C.**

United States Claims Court.

Jan. 15, 1991.

Rocklin D. Lyons, Oklahoma City, Okl., for plaintiff.

Margaret Lee Baskette, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

### OPINION

MARGOLIS, Judge.

This case is before the court on the plaintiff's Motion to Correct Date of Filing. Plaintiff's notice of appeal reached this court one day after the filing deadline. Plaintiff, Cleek Aviation ("Cleek"), argues that under RUSCC 3(b)(2)(C) this court should grant plaintiff's motion to correct the records showing September 11, 1990 as the date of filing for plaintiff's notice of appeal now dated as filed on September 12, 1990. Defendant, the United States, ar-

gues that RUSCC 3(b)(2)(C) is inapplicable and that plaintiff fails to demonstrate excusable neglect for its failure to file a timely notice of appeal. After a careful review of the entire record and relevant case law, this court concludes that RUSCC 3(b)(2)(C) is inapplicable, the facts do not constitute excusable neglect, and therefore the plaintiff's motion is denied.

## FACTS

On July 13, 1990, this court denied plaintiff's motion to extend the time for filing a notice of appeal. *Cleek Aviation v. United States*, 20 Cl.Ct. 766 (1990). Under Federal Rule of Appellate Procedure 4(a)(1), plaintiff was permitted 60 days in which to file a notice of appeal of this decision. The deadline for filing a notice of appeal was September 11, 1990. The clerk of this court received the notice on September 12, 1990, one day after the deadline for filing such notice had passed.

In support of its motion, Cleek argues that the requirements of RUSCC 3(b)(2)(C) were satisfied. Cleek states that the notice of appeal was mailed on September 5, 1990 from Oklahoma City, Oklahoma by certified mail and was properly addressed to the clerk of this court. Cleek maintains that the notice of appeal was deposited in the mail sufficiently in advance of the last date allowed for the filing to provide for receipt by the clerk of this court on or before September 11, 1990 in the ordinary course of the mail. Cleek claims that it exercised no control over the mailing between deposit of the notice of appeal in the mail and its delivery.

Cleek asserts that plaintiff's counsel prepared the notice of appeal five weeks before the deadline, but waited to file it because he was "awaiting additional instruction from the Client regarding further handling of the case." Cleek also states that about one week before mailing the notice of appeal, Cleek's counsel "contacted the U.S. Postal Service and was advised that in the normal course of business, mailing time on a certified letter, return receipt request, to Washington, D.C. from Oklahoma City,

Oklahoma would be three (3), or at the most four (4) days."

## DISCUSSION

In claims in which the United States is a party, a notice of appeal must be filed within 60 days from the date of entry of the judgment. Fed.R.App.P. 4(a)(1). The requirement that notice of appeal be timely filed is "mandatory and jurisdictional." *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (citations omitted), *reh'g denied*, 434 U.S. 1089, 98 S.Ct. 1286, 55 L.Ed.2d 795 (1978).

### *RUSCC 3(b)(2)(C) is Inapplicable*

■ Rule 3(b) of the Rules of the United States Claims Court, entitled "Commencement of Action," states in pertinent part:

(2)(A) A party plaintiff who contends that the effective date of his *complaint* should properly be a date earlier than that shown by the clerk's records may seek a corrective order from the court by means of a motion.

\* \* \* \* \* \*

(C) In a situation where a *complaint* is stamped by the clerk after the last date allowed by a statute of limitations for the filing of the *complaint*, if the *complaint* was received by the clerk through the mail, it may, by order of court, upon motion of the party plaintiff, be deemed to have been filed on the last day allowed ...

RUSCC 3(b)(2)(A), (b)(2)(C) (emphasis added). By its terms, RUSCC 3(b)(2)(C) applies only when a plaintiff has shown that a *complaint* should have arrived within the statutory period. *See, e.g., LaFont v. United States*, 17 Cl.Ct. 837, 841 (1989); *Ross v. United States*, 16 Cl.Ct. 378, 382 (1989). Cleek sought to file a notice of appeal, not a complaint. RUSCC 3(b)(2)(C) is inapplicable to this case.

### *No Excusable Neglect*

■ Cleek alludes to other circumstances, perhaps indicating that it should be allowed an extension of time for filing a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure.

Rule 4(a)(5) provides in part that "[a] district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." Fed.R.App.P. 4(a)(5). Defendant argues that plaintiff's motion, in effect a motion to extend the time for filing a notice of appeal, should not be granted because plaintiff fails to demonstrate excusable neglect.

After the filing period has ended, an extension of time for filing a notice of appeal will be granted only upon a showing of excusable neglect. *Cleek*, 20 Cl.Ct. at 767 n. 2, 767–68; *see Ulmet v. United States*, 21 Cl.Ct. 337, 342–43 (1990). Here, the time deadline for filing a notice of appeal expired on September 11, the notice of appeal was filed on September 12, and plaintiff's counsel filed the Motion to Correct Date of Filing on September 20. Plaintiff's motion comes after the deadline for filing a notice of appeal; therefore this court will grant an extension only upon a showing of excusable neglect.

The standard for establishing excusable neglect is strict. *Cleek*, 20 Cl.Ct. at 768 (citing *Prestex, Inc. v. United States*, 4 Cl.Ct. 14, 17, *reconsideration denied*, 4 Cl.Ct. 317, *aff'd*, 746 F.2d 1489 (Fed.Cir. 1984) (Table)). Excusable neglect is limited to "unique and extraordinary circumstances," and few situations will ordinarily qualify. *Id.* (citing *Reinsurance Co. of America v. Administratia*, 808 F.2d 1249, 1251–52 (7th Cir.1987); *Diliberti v. United States*, 4 Cl.Ct. 505, 506 (1984)). The party who moves for an extension of time bears the burden of proving excusable neglect. *Id.* What constitutes excusable neglect depends on the circumstances of each case. *Id.* at 768–69. The circumstances in this case do not constitute excusable neglect.

(a) Client's Indecisiveness

■ Cleek attests that plaintiff's counsel prepared the notice of appeal five weeks prior to the deadline, but delayed filing it because he was "awaiting additional instructions from the Client regarding further handling of the case." Although Cleek does not state when it informed counsel of its decision to appeal, the notice of appeal was not mailed until September 5. This was the 54th day of the 60 day appeal period, and only four working days remained until the filing deadline. Under these facts, it appears that Cleek's indecision regarding appeal delayed filing the appeal. Indecision or change of mind as to whether to appeal does not constitute excusable neglect. *See Gann v. Smith*, 443 F.2d 352, 353 (5th Cir.1971) (the fact that State Attorney General changed his mind about appealing decision was not excusable neglect); *Nichols–Morris Corp. v. Morris*, 279 F.2d 81, 83 (2d Cir.1960) (client's inability to make a decision on appeal was not excusable neglect); *United States v. Commonwealth of Virginia*, 508 F.Supp. 187, 189–90 (E.D.Va.1981) (indecisiveness of Solicitor General of United States did not constitute excusable neglect).

(b) Mistake of Counsel

■ If Cleek advised plaintiff's counsel to appeal before September 5, and the indecision of Cleek did not cause in the delay in filing, then it was plaintiff's counsel's mistake to delay the filing of the notice of appeal. Cleek also presents no evidence that counsel attempted to contact the clerk's office prior to the filing deadline. If counsel had done so on September 10, he would have discovered that the notice had not arrived, and he could have timely filed a notice of appeal via express mail, overnight delivery. *See Cleek*, 20 Cl.Ct. at 769. Mistake of counsel, without more, is not considered excusable neglect for not filing a timely notice of appeal. *Id.* at 768–69 (citing *Prestex*, 4 Cl.Ct. at 17; *Diliberti*, 4 Cl.Ct. at 506); *see Ulmet*, 21 Cl.Ct. at 343–45 (citations omitted). The mistakes of counsel in this case do not constitute excusable neglect.

(c) Mail Service

■ It is neither unique nor extraordinary that a notice of appeal would take seven days to travel by non-express mail over a weekend from Oklahoma City, Okla-

homa to Washington, D.C. Mail delivery delays are common, and Cleek's counsel was told by an employee of the Postal Service that delivery would take three to four days. *See Sanchez v. Board of Regents of Texas Southern University,* 30 Fed.R.Serv.2d (Callaghan) 1684, 1685 (S.D. Tex.1980), *aff'd,* 633 F.2d 1210 (5th Cir. Unit A Jan.1981). Certified mail, unlike overnight delivery, furnishes the sender with proof of delivery, but it does not ensure expedited delivery. *See Reinsurance Co. of America,* 808 F.2d at 1253. The fact that Cleek's notice of appeal was untimely because of the mail service under the circumstances in this case is insufficient to establish excusable neglect. *See Cleek,* 20 Cl.Ct. at 769–70; *see also Northwest Commercial Fishermen's Federal Recovery Association, Inc. v. United States,* 5 Cl.Ct. 745, 746 (1984).

Finding excusable neglect under the circumstances of this case "would frustrate and circumvent Rule 4(a)'s purpose of insuring finality of judgment." *Cleek,* 20 Cl.Ct. at 770 (quoting *Diliberti,* 4 Cl.Ct. at 507; citing *Pratt v. McCarthy,* 850 F.2d 590, 593 (9th Cir.), *reh'g denied,* 878 F.2d 331 (9th Cir.1989); *In re O.P.M. Leasing Services, Inc.,* 769 F.2d 911, 917 (2d Cir. 1985) (a loose interpretation of excusable neglect would produce a result not intended by the Rule's framers)). Moreover, a finding by this court of excusable neglect would be inconsistent with the case law of this circuit limiting excusable neglect to unique and extraordinary circumstances. *Id.*

## CONCLUSION

For the reasons set forth above, the plaintiff's Motion to Correct Date of Filing is denied.