**Paul CIACCIO and Camilla Ciaccio on Behalf of their daughter, Anita CIACCIO, Petitioners,**

v.

**SECRETARY of HEALTH AND HUMAN SERVICES, Respondent.**

No. 90–2152V.

United States Court of Federal Claims.

Nov. 20, 1992.

Mari C. Bush, Boulder, Colo., for petitioner.

Richard Schollman, Torts Branch, Civil Div. U.S. Dept. of Justice, Washington, D.C., for respondent.

## ORDER

MARGOLIS, Judge.

Petitioners failed to file a motion for review of the special master's decision within the 30–day statutory period, and the clerk entered judgment in accordance with that decision. Petitioners move to vacate the judgment.

## FACTS

Entry of judgment in accordance with the special master's decision is automatic unless a motion for review is filed within 30 days after the date on which that decision is filed. Vaccine Rule 11(a). The special master filed a decision on June 19, 1992. The office of petitioners' counsel ("office") received the special master's decision on July 6, 1992. Petitioners' counsel ("counsel") was out of town between June 27 and July 17, 1992. Petitioners' motion for review was due on Monday, July 20, 1992. Counsel filed the motion for review and a motion for extension of time in which to file their memorandum of objections on July 21, 1992, one day late.

## DISCUSSION

Petitioners request relief from judgment under RUSCC 60(b) which states in relevant part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect[.]

"[R]elief under this rule is not granted lightly. A 'motion for relief from judgment [pursuant to RUSCC 60(b)] is one for extraordinary relief entrusted to the discretion of the Court ... which may be granted only in exceptional circumstances.' " *Widdoss v. United States*, 24 Cl.Ct. 547, 552 (1991) (citing *Placeway Constr. Corp. v. United States*, 19 Cl.Ct. 484, 488 (1990)).

Counsel's office had nearly two weeks before the filing deadline in which to prepare and file the required motion. Even if the office could not have acted in her absence, counsel had two days after her return in which to file the motion.

Counsel could have preserved her clients' rights by submitting a *timely* motion for review, or by directing her office to do so. Counsel could then ask for an extension of time in which to file their memorandum of objections (as petitioners did here). This counsel was previously successful in using this approach. *See Ormechea v. Secretary of Health and Human Services*, No. 90–1683V, 1992 WL 151816 (Cl.Ct. July 13, 1992) (notice granting petitioners' motion for an extension of time to file their memorandum of objections after filing of a timely motion for review).

The conduct of petitioners' counsel essentially amounts to a mistake. However, "[m]istake of counsel, without more, is not considered excusable neglect for not filing a timely notice of appeal." *Cleek Aviation v. United States*, 22 Cl.Ct. 260, 262 (1991).

## CONCLUSION

This court concludes that petitioners' counsel could have avoided an untimely filing of the motion for review and motion for extension of time in which to file their memorandum of objections. Her mistake

did not amount to excusable neglect. Accordingly, it is hereby ORDERED:

Petitioners' motion to vacate the judgment of July 21, 1992 is DENIED.