David Mark DODSON, Harry Dodson, Patricia Dodson, Petitioners,

v.

SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

No. 90–2278V.

United States Court of Federal Claims.

June 10, 1993.

Archie L. Hayman, Flint, MI, for petitioners.

Charles R. Gross, Civ. Div., Dept. of Justice, Washington, DC, with whom was the Asst. Atty. Gen., for respondent.

## ORDER

HORN, Judge.

Petitioners in this case have brought a motion for review of a special master's decision issued on November 23, 1992, dismissing their petition, with prejudice. Because petitioners failed to file their motion for review of the special master's decision within 30 days of the issuance of that decision, as required by 42 U.S.C. § 300aa–12(e)(3) (Supp. I 1990) and the Rules of the United States Court of Federal Claims (RCFC), App. J, Rule 23, this court, hereby, dismisses petitioners' motion for review.

## FACTS

On October 1, 1990, petitioners, David Mark Dodson, Harry Dodson and Patricia Dodson, filed a petition, by and through their attorney, James B. Dodson, for vaccine compensation, pursuant to the National Childhood Vaccine Compensation Act, 42 U.S.C. §§ 300aa–1 through 300aa–34 (1988) (Vaccine Act).[1] Petitioners included certain medical records with their petition, but stated that "[p]etitioners have not yet compiled all relevant medical documents created over the past 37 years concerning David Mark Dodson prior to filing this Petition and have nonetheless filed this Petition with the available documents so as to avoid any bar by a statute of limitations." The case was assigned to Chief Special Master Golkiewicz. After an initial review, the chief special master issued an order, dated December 14, 1990, requesting the missing

---

**1.** July 1, 1944, c. 373, Title XXI, § 2112, as added Nov. 14, 1986, Pub.L. No. 99–660, Title III, § 311(a), 100 Stat. 3761; and amended Dec. 22, 1987, Pub.L. No. 100–203, Title IV, §§ 4303(d)(2)(A), 4307(3), 101 Stat. 1330–222, 1330–224, Pub.L. No. 100–203, Title IV, §§ 4307(3)(C), 4308, as amended and added July 1, 1988, Pub.L. No. 100–360, Title IV, § 411(*o*)(2), (3)(A), 102 Stat. 808; Dec. 19, 1989, Pub.L. No. 101–239, Title VI, § 6601(d)–(i), 103 Stat. 2286–2290; Nov. 3, 1990, Pub.L. No. 101–502, § 5(b), 104 Stat. 1286; Nov. 26, 1991, Pub.L. 102–168, Title II, § 201, 105 Stat. 1102; Oct. 27, 1992, Pub.L. 102–531, Title III, § 314, 106 Stat. 3508.

documents [2] or affidavits attesting to their unavailability, and suspending the proceedings in the case for 60 days, "[t]o give petitioner time to complete its petition...." In this order, the chief special master warned the petitioners that "[f]ailure to comply with this Order will result in a dismissal of this case with prejudice."

On February 22, 1991, Archie L. Hayman, Esq., entered a notice of appearance on behalf of petitioners and supplied an affidavit, signed by him, which, in relevant part, stated:

2. I have read the Order entered in this matter on December 14, 1990.

3. That after reviewing the petition in this matter I believe that it is complete except for the report of an expert medical witness.

4. That I do not believe a medical expert is needed at this stage in the process because the petition clearly establishes a table injury.

5. That if the court does not believe that the petition establishes a table injury petitioners are ready to hire a medical expert to substantiate a table injury.

6. That if the court does not believe that the affidavit submitted in this matter is detailed enough petitioners are ready and willing to provide a more detailed affidavit.

The chief special master issued a second order on April 28, 1992, again requiring petitioners to show cause why the petition should not be dismissed for failure to provide the required documentation. In the order, the chief special master explained that:

Under the Vaccine Act, a special master may not make a finding of entitlement based on the claims of petitioner alone unsubstantiated by medical records or medical opinion. § 13(a)(1). Petitioners are on notice that failure to timely file such documentation *shall* result in the dismissal of this claim pursuant to Vaccine Rule 21(c). [Emphasis in original.]

In the absence of certain medical records, petitioners were advised that they should provide expert medical opinion to document a nexus between the vaccination and the Table injury, or if the injury incurred was not a Table injury or was incurred outside the time frames of the Table, to document, by expert medical opinion, that the administration of the vaccine caused the injury. As stated by the chief special master, in his April 28, 1992 order:

If the injury is not a Table-listed injury or if the injury occurs outside the time frames of the Table, petitioner *must* submit the opinion of a qualified medical expert. This opinion should state, to a reasonable degree of medical probability, that the injured person suffered an injury that was actually caused in-fact by the administration of the vaccine in question. This opinion must also address the basis for the doctor's opinion including references to peer-reviewed medical literature. [Emphasis in original.]

The chief special master pointed out in a footnote to his April 28, 1992 order that in the instant case "the first signs of neurological injury, including seizure disorder" occurred outside the three-day time frame set out in the Vaccine Table (42 U.S.C. § 300aa–14(a)(I)(D)).

The chief special master's third order, issued on July 31, 1992, noted that the petitioners still had failed to respond to previous court orders. He, once again, extended the time for petitioners' compliance with his orders to September 14, 1992. Again, the chief special master warned that failure to respond to the order "*shall* result in the dismissal of this petition pursuant to Vaccine Rule 21(c)." (Emphasis in original.)

On August 19, 1992, by notice from the clerk of the court, a copy of the Deposition of Patricia Dodson, received July 30, 1992, was returned to petitioners unfiled, pursuant to the chief special master's instructions. The filing was defective in several respects, most significantly, it lacked a proof of service. The deposition was also

---

**2.** In accordance with 42 U.S.C. § 300aa–11(c) (1988) and RCFC, App. J, Rule 2(e), certain supporting documentation must be provided to document entitlement to recovery under the Vaccine Act.

returned due to non-compliance with RCFC App. J, Rule 16, governing the correct caption for all filings, and failure to comply with RCFC App. J, Rule 17(d), requiring that an original and two copies of all filings be provided to the court. Nothing in the record suggests that this, or any other deposition, has been resubmitted to the court.

On November 23, 1992, more than three months after the petitioners failed to comply with the previous court orders, the chief special master dismissed the above-captioned petition with prejudice, having received no additional filings. Pursuant to 42 U.S.C. § 300aa–12(e)(3) (Supp. I 1989), the clerk of the court waited 30 days and then, because no motion for review was filed, entered final judgment dismissing the case on January 4, 1993, consistent with the chief special master's decision dismissing the case. Subsequently, on January 25, 1993, 63 days after the issuance of the special master's decision dismissing the petition, this court received petitioners' "Motion for Review Pursuant to Vaccine Rule 12," signed by their counsel, Archie L. Hayman, asking this court to review the chief special master's decision dismissing the petition. The court notes that besides the untimeliness of petitioners attempt to file its motion for review, counsel for petitioners again failed to provide proof of service, as required by RCFC Rule 5(e), failed to identify the name of the special master on the face of the pleading, as required by United States Court of Federal Claims General Order 32, failed to provide an original copy, as required by RCFC Rule 83, and included an incorrect docket number. On the same day, the court received an additional copy of the motion for review, which bore an original signature, along with a document entitled "Proof of Mailing," apparently attempting to cure the defect of the missing proof of service. The additional document, however, still reflects the wrong docket number, and still fails to show the name of the special master to whom the case was assigned.

## DISCUSSION

The procedure for obtaining review of a special master's decision is clearly articulated in both the Vaccine Act and in the special rules, Appendix J, to the Rules of this court, which were adopted to cover cases filed pursuant to the Vaccine Act. After the issuance of a special master's decision in a vaccine case, the parties have 30 days to file a motion for review of that decision. According to the statute:

> (e)(1) Upon issuance of the special master's decision, the parties shall have 30 days to file with the clerk of the United States Claims Court a motion to have the court review the decision. If such a motion is filed, the other party shall file a response with the clerk of the United States Claims Court no later than 30 days after the filing of such motion.

42 U.S.C. § 300aa–12(e)(1) (Supp. I 1989).

The statute further requires the clerk of the court to "immediately enter judgment in accordance with the special master's decision" if no such motion is filed, as follows:

> (e)(3) In the absence of a motion under paragraph (1) respecting the special master's decision or if the United States Claims Court takes the action described in paragraph (2)(A) with respect to the special master's decision, the clerk of the United States Claims Court shall immediately enter judgment in accordance with the special master's decision.

42 U.S.C. § 300aa–12(e)(3) (Supp. I 1989).

Equally clear is the applicable Rule in Appendix J, which reads:

> 23. Motion for Review and Objections. To obtain review of a special master's decision, within 30 days after the date on which the decision is filed, a party must file with the clerk a motion for review of the decision. No extensions of time under this rule will be permitted, and the failure of a party to timely file such a motion shall constitute a waiver of the right to obtain review.

RCFC App. J, Rule 23. Appendix J, Rule 11 of the Rules of this court states:

> 11. Judgment.
> (a) In Absence of Motion for Review. In the absence of the filing of a motion for

review within 30 days of the filing of the special master's decision, or if prior to the expiration of such period each party files a notice stating that it will not seek such review, the clerk shall forthwith enter judgment in accordance with the special master's decision.

In the above-captioned case, the chief special master dismissed the petition with prejudice, on November 23, 1992. Under the applicable statute and the Rules of this court, petitioners then had 30 days within which to file for review of that decision by a judge of this court. Petitioners' motion, however, was not received until January 25, 1993, 63 days after the issuance of the chief special master's decision.

The United States Court of Appeals for the Federal Circuit has definitively indicated that pursuant to Vaccine Act section 300aa–12(e): "... we hold that the 30–day time period in which to file a motion for review under section 300aa–12(e)(1) is jurisdictional." *Widdoss v. Secretary of the Dep't of Health & Human Services,* 989 F.2d 1170, 1177 (Fed.Cir.1993). Moreover, the United States Court of Appeals for the Federal Circuit has stated that the thirty-day time period starts to run on the date the special master issues his/her decision. As stated by the court in *Widdoss,* "[c]onsequently, the effective date of issuance of a decision by the special master has to be the date actually issued, because upon issuance of the decision, the special master is thereafter relieved of any further power to suspend the case." *Id.* at 1175. The Circuit Court opinion points out that:

Congress specifically used this phraseology to illustrate in the strongest possible terms that filing a motion to review the special master's decision within the 30–day period is a prerequisite to the Claims Court's jurisdiction. The pertinent legislative history accompanying the addition of section 300aa–12(e) emphasizes the same notion:

The conference agreement provides for an appeal of the [special] master's decision to the U.S. Claims Court under very limited circumstances. If such a motion for review is filed within the applicable time limits, the Court is then to decide to [exercise its standards of review]....

H.R.Conf.Rep. No. 386, 101st Cong., 1st Sess. 516 (1989), reprinted in 1989 U.S.C.C.A.N. at 3119–20 (Report accompanying OBRA §§ 6601(d)–(i), 1989 U.S.C.C.A.N. (103 Stat.) at 2286–90).

That Congress may declare as jurisdictional statutory time periods in which to appeal is a proposition clearly established in the case law.

*Id.* at 1176.

The court is left with no alternative but to dismiss the above-captioned case, given the plain meaning of the applicable statute and the existing rules which govern vaccine injury actions. The petitioners and their counsel have failed to meet the necessary deadlines for filing a motion to review. The compelling nature of these vaccine cases notwithstanding, the court is without jurisdiction to entertain petitioners' appeal from the chief special master's dismissal of the petition. Moreover, in this case, petitioners were offered ample opportunities by the chief special master to comply with his orders requesting additional information, and informed of the consequences of their failure to do so. The chief special master unilaterally extended the deadline for supplying medical records to the court on three separate occasions. Neither petitioners, nor their counsel, can fairly maintain that they were without notice of the potential grave consequence of their failure to comply with the chief special master's orders.

■ The court further notes that even if petitioners acted on advice of counsel throughout the proceedings in this case, they are still not entitled to relief. This court, in an earlier vaccine case, has held, and the United States Court of Appeals for the Federal Circuit has endorsed the notion that: "[m]istake of counsel, without more, is not considered excusable neglect for not filing a timely notice of appeal." *Ciaccio v. Secretary of the Dep't of Health & Human Services,* 27 Fed.Cl. 202, 203 (1992) (quoting *Cleek Aviation v. United States,* 22 Cl.Ct. 260, 262 (1991)). "It is well settled that a person is bound by the conse-

**554**

quences of his representative's conduct, which includes both his acts and omissions." *Rowe v. Merit Sys. Protection Bd.*, 802 F.2d 434, 437 (Fed.Cir.1986); *see also Romala Corp. v. United States*, 927 F.2d 1219, 1225 (Fed.Cir.1991); *Whitaker v. Merit Sys. Protection Bd.*, 784 F.2d 1109, 1110 (Fed.Cir.1986). Furthermore, the retaining of counsel in no way relieves a party of personal responsibility for omissions by counsel, such as delay in the submission of a timely filing. *Kathleen Sheeran v. Merit Sys. Protection Bd.*, 746 F.2d 806, 807 (Fed.Cir.1984). The United States Supreme Court has directly addressed this issue, as follows:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' *Smith v. Ayer*, 101 U.S. 320, 326 [25 L.Ed. 955] [1880].

*Link v. Wabash R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962).

### CONCLUSION

Therefore, this court concludes that the petitioners' attempt to file their motion for review, after 30 days following the issuance of the chief special master's decision, was untimely. Therefore, the motion for review brought by the petitioners in the above-captioned case is, hereby, DENIED.

**IT IS SO ORDERED.**